IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02858-CMA-BNB

ILONA KIRZHNER,

Plaintiff,

v.

DAVID SILVERSTEIN,
EVERGREEN INDUSTRIES, INC., a Colorado corporation, f/k/a Breakthrough Management Group International, Inc., f/k/a Breakthrough Management Group, Inc.,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company, and
DSI INVESTMENTS, LLC, a Colorado limited liability company,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Plaintiff's Motion to Disqualify Marc Pappalardo as Counsel for David Silverstein, David Silverstein Investments, LLC, and DSI Investments, LLC In This Matter** [Doc. # 42, filed 4/16/2010] (the "Motion to Disqualify"). The Motion to Disqualify is DENIED.

The plaintiff alleges three grounds for Pappalardo's disqualification:

(1) Because he should be a witness in this matter;

(2) Because his "representation of the Silverstein Defendants constitutes a conflict of interest with respect to his status as corporate counsel for Defendant Breakthrough Management Group, Inc., now known as Evergreen Industries, Inc. ('BMGI/Evergreen')"; and

(3) Because he was corporate counsel for BMGI/Evergreen when the plaintiff was a part owner and officer, which "renders it unfair to Plaintiff to be deposed by Mr. Pappalardo."

Motion to Disqualify [Doc. # 42] at p. 3.

A motion to disqualify counsel is addressed to the sound discretion of the district court. Religious Technology Center v. F.A.C.T. Net, Inc., 945 F. Supp. 1470, 1473 (D. Colo. 1996). Insofar as is relevant here, this court applies the rules of professional conduct adopted by the Colorado Supreme Court as the standard of professional responsibility for lawyers practicing before it. D.C.COLO.LCivR 83.4.

As the moving party, the plaintiff has the burden to establish grounds for the disqualification of Pappalardo. Religious Tech, 945 F. Supp. at 1473. When ruling on a motion to disqualify counsel, I must make specific findings and conclusions, Fullmer v. Harper, 517 F.2d 20, 22 (10th Cir. 1975), but the use of those findings is restricted solely to the motion to disqualify. Religious Tech, 945 F. Supp. at 1473. Motions to disqualify opposing counsel are viewed with suspicion, and I must guard against the possibility that disqualification is sought to "secure a tactical advantage in the proceedings." Religious Tech, 945 F. Supp. at 1478. I held a hearing on the Motion to Disqualify on May 7, 2010, at which time I was prepared to hear testimony and accept evidence. No party called any witnesses, however, or otherwise attempted to introduce evidence. See Weeks v. Independent School Dist. No. I-89, 230 F.3d 1201, 1212 (10th Cir. 2000)(specifying that no evidentiary hearing is necessary in connection with a motion to disqualify where the district court makes specific findings and there is an extensive record sufficient to allow meaningful review).

# 1. Pappalardo Should Be a Witness

Colorado Rule of Professional Conduct 3.7 provides:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere. World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc., 866 F. Supp. 1297, 1302 (D. Colo. 1994). The plaintiff has failed to establish that Pappalardo is likely to be a necessary witness because she has filed to show that his testimony is unobtainable elsewhere.

The plaintiff argues that Pappalardo's testimony is necessary because:

> Plaintiff seeks to depose Mr. Pappalardo because he was corporate counsel for BMGI/Evergreen at the time of the Transaction who drafted and negotiated the Purchase Agreement on its behalf. Deposing Mr. Pappalardo is the only reliable way Plaintiff may be able to ascertain the understanding of BMGI/Evergreen with respect to its obligations under the Purchase Agreement. In addition, Mr. Pappalardo submitted the Articles of Organization of Silverstein Investments and DSI to the Colorado Secretary of State. As a result, he also has information pertaining to the dealings between BMGI/Evergreen and Silverstein Investments and DSI because he was involved in those dealings. Silverstein is not a reliable witness about those dealings because he is the controlling owner fo all three entities and he has a personal stake in this litigation. Plaintiff should also be able to depose Mr. Pappalardo to obtain information Silverstein may not be willing to disclose. Indeed, plaintiff alleges that Silverstein used his controlling interests in the three entities to facilities [sic] the

>   scheme or artifice to defraud.

Motion to Disqualify [Doc. # 42] at p. 13.

It is clear that in connection with the negotiation of the Purchase Agreement, the terms and performance of which underlie this action, there are other sources from which the plaintiff can obtain evidence. First, and most importantly, the parties to the transaction--the plaintiff and Mr. Silverstein--may testify. In addition, the plaintiff was represented by counsel, Tim Schafer, in connection with the negotiations. The plaintiff has failed to demonstrate that Pappalardo has any unique information that cannot be obtained from these other sources.

Similarly, although Pappalardo submitted corporate documents for filing with the Colorado Secretary of State, the plaintiff fails to point to any specific, relevant evidence about which Pappalardo possesses unique information.

Of course, Pappalardo's continued participation in the case as trial counsel precludes, under Colo. R. Prof. Conduct 3.7, his later participation as a witness. Thus, although I find that Pappalardo is not a necessary witness, if the Silverstein defendants will or may choose to call him as a witness at trial, he must step down now as trial counsel.

## 2. Pappalardo's Representation Constitutes a Conflict of Interest

The plaintiff next argues that Pappalardo's representation of the Silverstein Defendants constitutes a conflict of interest with respect to his status as corporate counsel for Defendant BMGI/Evergreen. She cites <u>Abbott v. Kidder Peabody, & Co., Inc.</u>, 42 F. Supp. 2d 1046 (D. Colo. 1999), in support.

The <u>Abbott</u> case is factually distinguishable. Nonetheless, the court in <u>Abbott</u> held:

> [I]t is clear that the Defendants have standing to request
> disqualification of Plaintiffs' counsel based upon any ethical

violation related to the terms and conditions of the Representation Contract. Although courts generally refuse to disqualify an attorney for a conflict of interest where the attorney's former client has not moved for disqualification, case law gives an opposing party standing to challenge where the interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings.

Id. at 1050, citing Comment to Colo. R. Prof. Conduct 1.7 (stating that opposing counsel may move for disqualification, "[w]here the conflict is such as clearly to call in question the fair and efficient administration of justice").

Rule 1.7(a), Colo. R. Prof. Conduct, provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or be a personal interest of the lawyer.

The plaintiff argues that Pappalardo's continued representation of the Silverstein defendants in this case violates Rule 1.7(a) because:

> Mr. Pappalardo is general counsel for BMGI/Evergreen. He, therefore, has a duty of loyalty and zealous advocacy to BMGI/Evergreen. . . . At the very least, Mr. Pappalardo's attorney-client relationship with BMGI/Evergreen as its in-house corporate counsel should materially limit his ability to be counsel for the Silverstein Defendants in this matter. . . . Plaintiff has particular concern about this because of her equitable interest in the Stock. As a result, she has an interest in BMGI/Evergreen's in-house corporate counsel zealously defending BMGI/Evergreen's interests rather than parties that have asserted the right to encumber and foreclose upon BMGI/Evergreen's assets.

Motion to Disqualify [Doc. # 42] at pp. 19-21.

The argument rests on a false premise. The competent evidence establishes that Pappalardo is not now general counsel for BMGI/Evergreen and has not been since prior to the institution of this suit on December 7, 2009. In particular, the Affidavit of David M. Silverstein [Doc. # 52-1] (the "Silverstein Aff."), states:

> In 2009, prior to the time that Kirzhner filed this lawsuit, Marc Pappalardo left the employ of Evergreen and stepped down as Evergreen's Vice President and General Counsel. Mr. Pappalardo is not representing Evergreen in any matter. Prior to the time that Kirzhner filed this Lawsuit, Pappalardo formed Pappalardo Law Group, LLC, and Pappalardo Law Group. I am aware that Mr. Pappalardo has clients that have no direct or indirect relation or connection with any of the Defendants in this case.

Id. at ¶5.

The plaintiff's contrary evidence is not based on personal knowledge and is not sufficient to overcome the Silverstein Affidavit. To the contrary, Kirzhner's Affidavit states merely that she has "*reason to believe* that Mr. Pappalardo continues to be corporate counsel for BMGI (now Evergreen Industries, Inc.) and is a Vice President of BMGI," based solely on hearsay evidence derived from documents obtained from the internet. Affidavit of Ilona Kirzhner [Doc. # 42-4] (the "Kirzhner Aff.") at ¶10 (emphasis added).

The plaintiff has failed to establish the existence of any conflict of interest under Colo. R. Prof. Conduct 1.7(a) that would preclude Pappalardo's representation of the Silverstein defendants, and certainly has failed to establish a conflict where the "interests of the public are so greatly implicated that an apparent conflict of interest may tend to undermine the validity of the proceedings," as would be required under Abbott to justify disqualification on the motion of a non-client. Abbott, 42 F. Supp. 2d at 1050.

### 3.  It Would Be Unfair for Pappalardo to Depose the Plaintiff

Finally, the plaintiff argues that Pappalardo's former position as corporate counsel for BMGI/Evergreen when the plaintiff was a part owner and officer "renders it unfair to Plaintiff to be deposed by Mr. Pappalardo."  Motion to Disqualify [Doc. # 42] at p. 3.  More specifically, the plaintiff argues:

> Mr. Pappalardo became corporate counsel for BMGI/Evergreen when Plaintiff was still an owner and officer of the company. . . . As a result, an attorney-client relationship was established between Plaintiff and Mr. Pappalardo in the nature of the relationship of a corporate officer with a corporate counsel under CRCP 1.13. Pursuant to that relationship, Plaintiff confided in Mr. Pappalardo as a corporate officer confides in corporate counsel. . . .  Plaintiff understands that, strictly speaking, Mr. Pappalardo's client was BMGI/Evergreen, not Plaintiff personally, pursuant to CRCP 1.13. Nevertheless, Mr. Pappalardo still owes Plaintiff a duty of confidentiality under CRCP 1.6 with respect to anything Plaintiff communicated to Mr. Pappalardo or information he obtained about her through her role as owner and officer of BMGI/Evergreen.

Id. at pp. 21-22.[1]

First, it is undisputed that during the plaintiff's period of ownership Pappalardo acted as

---

[1]The plaintiff's affidavit in support of the Motion to Disqualify adds no greater detail to the argument, and states:

> 6.  During my tenure at BMGI after Mr. Pappalardo was hired, I confided in Mr. Pappalardo as an officer of a company confides in its corporate counsel.
> \*   \*   \*
> 11.  Due to the fact that Mr. Pappalardo was counsel for BMGI when I was an owner and officer of BMGI and I trusted him then as my own attorney with respect to the affairs of BMGI, I believe it would be unfair for Mr. Pappalardo to be able to take my deposition in this lawsuit.

Kirzhner Aff. [Doc. # 42-4] at ¶¶6, 11.

the lawyer for BMGI/Evergreen, and there is no claim that Pappalardo separately represented the plaintiff individually. Under these circumstances, there can be no attorney-client privilege as between the plaintiff and Silverstein as constituents of the client organization. As the court stated in Gottlieb v. Wiles, 143 F.R.D. 241, 247 (D. Colo. 1992):

> [W]hen parties with a common interest retain a single attorney to represent them . . . [and] later become adverse, neither is permitted to assert the attorney-client privilege as to communications occurring during the period of common interest.

The plaintiff does not rely on the existence of a privilege, however. Instead, she claims that Pappalardo cannot depose her because he "still owes Plaintiff a duty of *confidentiality* under CRCP 1.6 with respect to anything Plaintiff communicated to Mr. Pappalardo or information he obtained about her through her role as owner and officer of BMGI/Evergreen." Motion to Disqualify [Doc. # 42] at pp. 21-22 (emphasis added).

Rule 1.6(a), Colo. R. Prof. Conduct, provides that "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b)."[2] Pappalardo is constrained in his representation of the Silverstein defendants by this rule of conduct. Significant by its absence, however, is any assertion that the plaintiff disclosed to Pappalardo any confidential information relevant to the matters at issue in this case. The plaintiff's conclusory allegation that she confided to Pappalardo such information "as an officer of a company confides in its corporate counsel," Kirzhner Aff. [Doc. # 42-4] at ¶6, is not sufficient to require Pappalardo's disqualification as counsel for the Silverstein defendants.

---

[2]The exceptions in Rule 1.6(b) are not applicable here.

See Osborn v. District Court, 619 P.2d 41, 48 (Colo. 1980) (holding that the bald assertions that a client made confidential statements to his attorney during a prior attorney-client relationship are insufficient to warrant disqualification in a later proceeding where the attorney is adverse to the former client).

The plaintiff has failed to carry her burden to establish grounds for the disqualification of Pappalardo. Religious Tech., 945 F. Supp. at 1473.

IT IS ORDERED that the Motion to Disqualify [Doc. # 42] is DENIED.

Dated July 28, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge