IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-2858-CMA-BNB

ILONA KIRZHNER,

    Plaintiff,

v.

DAVID SILVERSTEIN, an Individual,
EVERGREEN INDUSTRIES, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP INTERNATIONAL, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP, INC., a Colorado corporation,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company, and
DSI INVESTMENTS, LLC, a Colorado limited liability company,

    Defendants.

---

**MOTION OF PLAINTIFF ILONA KIRZHNER PURSUANT TO FED.R.CIV.P. 12(b)(6) TO DISMISS THE COUNTERCLAIMS OF DEFENDANTS DAVID SILVERSTEIN AND EVERGREEN INDUSTRIES, INC. AND/OR TO STRIKE DEFENDANTS' CLAIM FOR EXEMPLARY DAMAGES**

---

Plaintiff Ilona Kirzhner ("Plaintiff"), by and through her attorney, Alan D. Sweetbaum, Esq., pursuant to Fed.R.Civ.P. 12(b)(6), hereby submits her motion to dismiss the counterclaims that have been asserted by Defendants David Silverstein and Evergreen Industries, Inc. and/or to strike their claim for exemplary damages pursuant to § 13-21-102, C.R.S. (the "Motion").

## INTRODUCTION

In response to Plaintiff's Verified Complaint, Defendants David Silverstein ("Silverstein") and Evergreen Industries, Inc. ("Evergreen") have each asserted the

same counterclaim against Plaintiff. This counterclaim is for fraud in the inducement. See the Verified Counterclaim of David Silverstein (Document 64) (the "Silverstein Counterclaim") and the Verified Counterclaim of Evergreen (Document 63) (the "Evergreen Counterclaim"). Except for minor differences in terminology to coincide with the party asserting the counterclaim, the Silverstein Counterclaim and Evergreen Counterclaim are identical. As a result and for ease of reference, the Silverstein Counterclaim and Evergreen Counterclaim will collectively be referred to as the "Counterclaims." Plaintiff now moves, pursuant to Fed.R.Civ.P. 12(b)(6) for dismissal of the Counterclaims with prejudice.

Both the Silverstein Counterclaim and Evergreen Counterclaim will be addressed in this Motion because the allegations and arguments with respect to both are the same, with only one exception. The exception pertains to the issue of alleged damages, concerning which Plaintiff will address the Silverstein Counterclaim and Evergreen Counterclaims separately in the section regarding damages below.

The Counterclaims allege that Plaintiff fraudulently induced Silverstein and Evergreen to enter into the at-issue transaction that was memorialized in part in the Stock Purchase and Sale Agreement among Plaintiff, Silverstein and Evergreen (the "Purchase Agreement").[1] A true and correct copy of the Purchase Agreement is hereto attached as Exhibit 1. The alleged inducement was Plaintiff allegedly representing that she would be bound by the sole remedy provision of the Purchase Agreement (the

---

[1] According to the terms of the Purchase Agreement, Evergreen was a party thereto and is defined therein as "Corporation." Silverstein is identified therein as the "Buyer" and Plaintiff as "Seller."

K189 002 Plaintiff's Motion Dismiss Counterclaims

"Sole Remedy") while at the same time concealing her "apparent belief" that she "could sue Evergreen for money damages in the event of a breach." Counterclaims, paras. 16 and 19. Silverstein and Evergreen allege that the arguments Plaintiff has made in this lawsuit based on Section 2.03 of the Purchase Agreement six years after the Transaction reveal that Plaintiff falsely represented then that she would be bound by the Sole Remedy. See id., paras. 10-14.

The Counterclaims merely bring into focus that the issue Plaintiff has raised in this matter with respect to the Sole Remedy and Section 2.03 of the Purchase Agreement pertains to the legal effect of two express contractual provisions. There is no allegation in the Counterclaims that the alleged misrepresentation goes beyond Plaintiff agreeing to the Sole Remedy through executing the Purchase Agreement. There is no allegation in the Counterclaims that Plaintiff deceived Silverstein or Evergreen in the sense of somehow sneaking Section 2.03 into the Purchase Agreement without their knowledge or attempting to deceive them as to what Section 2.03 actually provides. Plaintiff has a different view of the legal effect of the Sole Remedy and Section 2.03. A difference in opinion, however, cannot serve as the basis for a fraud claim.

The legal effect of the Sole Remedy and Section 2.03 was argued by the parties with respect to the Defendants' Motions to Dismiss and decided by the Court in its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and Denying Motions for Rule 11 Sanctions (Document 59) (the "Order"). The dispute about the applicability of the Sole Remedy in light of Section 2.03 of the Purchase Agreement

K189 002 Plaintiff's Motion Dismiss Counterclaims

that constitutes the essence of the Counterclaims is comprised of a legal argument formulated as part of this litigation with regard to the legal interpretation of legal rights under a contract. A claim alleging fraud in the inducement relating to the enforceability of the Sole Remedy in relation to Section 2.03 requires factual allegations, made with particularity, of fraudulent activity by Plaintiff in the past relating to the drafting of the Purchase Agreement; no such factual allegations have been made. As a result, based on the legal authorities cited below, the Counterclaims cannot stand and must be dismissed with prejudice.

## BACKGROUND

As the Court by now is aware, this matter arises out of alleged conduct of Silverstein and Evergreen with respect to and subsequent to a transaction (the "Transaction") that took place on September 15, 2004. In the Transaction, Plaintiff sold her 50% interest in Breakthrough Management Group, Inc. ("BMGI") to Silverstein. BMGI is now known as and will be referred to as Evergreen. At the time, Silverstein already owned the other 50% of Evergreen. Plaintiff's 50% interest in Evergreen consisted of 5,000,000 shares of Evergreen common stock (the "Stock"). The Transaction was memorialized by the Purchase Agreement. See Counterclaims, para. 5. Silverstein tendered payment of the $5,000,000.00 purchase price for the Stock by making a Promissory Note Secured by Stock Pledge (the "Note") payable to Plaintiff. See id., para. 7. A true and correct copy of the Note is hereto attached as Exhibit 2. The Note was secured by the Stock.

The Counterclaims allege that Silverstein received Plaintiff's Stock in the

Transaction with the result that he became the "sole owner of Evergreen." Id., para. 9. Thus, the Silverstein Counterclaim alleges that Silverstein received the material element for which he bargained in the Transaction. He also received a huge benefit from the Transaction, which he has enjoyed ever since, *i.e.*, being sole owner of Evergreen. He has been in receipt of this benefit all the while he has also been in default of more than two-thirds of his payment obligations under the Note. The Counterclaims do not allege that Plaintiff induced Silverstein and Evergreen to enter into the Transaction by promising to deliver the Stock but then failed to do so. Silverstein received what he bargained for, *i.e.*, Plaintiff's transfer of her 5,000,000 shares of Stock to him. The Counterclaims, therefore, do not allege that Plaintiff has engaged in any fraudulent conduct that has deprived Silverstein of the essential benefit of the bargain. This is not a situation in which Plaintiff allegedly promised some consideration to induce Silverstein to pay her money but then fraudulently did not deliver what Silverstein thought he was buying. See, .e.g., Kinsey v. Preeson, 746 P.2d 542, 544 (Colo. 1987) (where the trial court found that the defendant had induced the plaintiff to give him money to invest in a corporation that the defendant failed to form).

The Sole Remedy is found at Section 3.01 of the Purchase Agreement. It provides that Plaintiff's sole and exclusive remedy in the event of Silverstein's default of his payment obligations under the Note is recovery of the Stock.

Plaintiff has heretofore relied on Section 2.03 of the Purchase Agreement in this matter to support her good faith argument that said Section modified or limited the provisions of Section 3.01. Section 2.03 provides as follows:

> Until Buyer has paid for all of the Stock in full, the Corporation and Buyer covenant and agree that the sum of the following figures shall at least be equal to the then unpaid portion of the Purchase Price: (i) the valuation of the Corporation, as determined by the Corporation's independent auditors and (ii) the value of any replacement collateral.

The Counterclaims now attempt to use Plaintiff's reliance on Section 2.03 to support their fraud in the inducement claim. But Silverstein and Evergreen present no basis for contending that the negotiated inclusion of Section 2.03 in the Purchase Agreement and the legal interpretation of that inclusion were in any way fraudulent at the time of the negotiation; and there can be no doubt that the colorable claims Plaintiff has asserted now evidence no fraud relating to such inclusion and interpretation or the drafting of the Purchase Agreement. As Section 2.03 states, Silverstein and Evergreen covenanted and agreed to maintain the value of Evergreen and any replacement collateral at an amount at least equal to the unpaid portion of the purchase price of the Stock (the "Maintenance Covenant"). It should have been apparent to Silverstein and Evergreen at the time of the Transaction that Section 2.03 imposed upon them affirmative obligations for which Plaintiff could sue for money damages, unless the Sole Remedy precluded recovery of money damages for breach of Section 2.03 under all circumstances. Based upon conduct arising years after the Transaction, Plaintiff has alleged that Silverstein and Evergreen breached the Maintenance Covenant. See Verified Complaint, paras. 37, 40 and 41. Plaintiff has also asserted as a legal issue that the Sole Remedy should not preclude her claim for money damages for breach of Section 2.03.

The Court has decided that Plaintiff cannot obtain money damages against

Silverstein based on Section 2.03 because the Sole Remedy precludes recovery of money damages with respect to *any* breach by Silverstein of the Purchase Agreement. See Order, pages 12-13. The Court also decided, however, that the Sole Remedy does not apply to a breach by Evergreen of the Maintenance Covenant. As a result, the Court has ruled that Plaintiff may seek money damages against Evergreen irrespective of the Sole Remedy. See id., pages 12 and 14. Consequently, what the Counterclaims assert as a basis for their fraud claim, *i.e.*, that Plaintiff could sue Evergreen for money damages irrespective of the Sole Remedy, has now been decided by the Court to be correct. And since the Court has ruled as much with respect to Evergreen, Plaintiff has had a good faith basis to contend that she could pursue money damages against Silverstein irrespective of the Sole Remedy, even though the Court has ruled Plaintiff is wrong on that point.[2] Silverstein and Evergreen should not be permitted to turn a legitimate dispute about the legal effect of contractual provisions into a fraud claim.

## ARGUMENT

### A. Legal Standards Governing the Motion

#### 1. Legal Standard for a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

The Motion is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In deciding the Motion, the Court must decide whether the Counterclaims, viewed in a light most favorable to Silverstein and Evergreen, fail "to state a claim to relief that is plausible on its face." United States v.

---

[2] The Court felt constrained by the Sole Remedy with respect to Silverstein's conduct, while recognizing that the Purchase Agreement is not fair to Plaintiff. See Order, page 13.

7

K189 002 Plaintiff's Motion Dismiss Counterclaims

Salina Regional Health Ctr., Inc., 543 F.3d 1211, 1217 (10th Cir. 2008) (citations omitted). The well-pleaded factual allegations in the Complaint must be taken by the Court as true in deciding the Motion. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. In determining the plausibility of the Counterclaims, the Court does not need to accept conclusory allegations without supporting factual averments. See Southern Disposal, Inc. v. Tex. Waste Mgmt., 161 F.3d 1259, 1262 (10th Cir. 1998).

If the Court considers matters outside the Complaint, the Motion must be disposed of as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court may consider documents referred to in the Complaint that are central to the Counterclaims, the authenticity of which is not disputed. See id. As a result, the Court may consider the Purchase Agreement without turning the Motion into a motion for summary judgment.[3]

### 2. Legal Standards Pertaining to the Fraud in the Inducement Counterclaims

To establish their claim for fraud in the inducement, Silverstein and Evergreen must establish (1) that Plaintiff made a false representation of a material *fact*; (2) that Plaintiff knew the representation was false; (2) that Silverstein and Evergreen did not

---

[3] The Purchase Agreement was referred to in the Counterclaims. Plaintiff does not believe the authenticity of the Purchase Agreement is disputed.

know the representation was false; (3) that Plaintiff made the representation with the intent Silverstein and Evergreen rely upon it; and (4) that the representation resulted in damages.  See Brody v. Bock, 897 P.2d 769, 776 (Colo. 1995); Trimble v. City and County of Denver, 697 P.2d 716, 724 (Colo. 1985); Bemel, Assocs., Inc. v. Brown, 435 P.2d 407, 409 (Colo. 1968).  A promise related to future performance cannot serve as a false representation, unless there was a present intention not to fulfill the promise when the promise was made.  See id.  See also Nelson v. Gas Research Inst., 121 P.3d 340, 343 (Colo.App. 2005); State Bank of Wiley v. States, 723 P.2d 159, 160 (Colo.App. 1986).  A statement as to what the law permits or prohibits is a statement of opinion, not fact, and cannot support an action for fraud.  See Brodeur v. American Home Assurance Co., 169 P.3d 139, 153 (Colo. 2007); Chacon v. Scavo, 358 P.2d 614, 614-15 (Colo. 1960); Feit v. Donahue, 826 P.2d 407, 412 (Colo.App. 1992); Two, Inc. v. Gilmore, 679 P.2d 116, 117 (Colo.App. 1984).  A party is not justified in relying upon a representation that is a statement of opinion with respect to the law.  See Chacon, Feit, and Two, Inc., supra.

**B.     The Counterclaims Should Be Dismissed with Prejudice Because the Alleged Misrepresentation Was a Promise With Respect to Future Conduct**

To support the Counterclaims, Silverstein and Evergreen allege the following as a fraudulent misrepresentation by Plaintiff:

> [I]n the event of any breach or default by either Evergreen or Silverstein of the Agreement or Note, including the conduct Kirzhner has alleged in her Verified Complaint, Kirzhner's sole remedy for any breach or default would be to receive 1 share of Evergreen's common stock for each dollar owed under the Note . . .

Counterclaims, para. 16.  This alleged "fraudulent representation" is merely a

9

restatement of the Sole Remedy and, in fact, is not a representation at all. Silverstein and Evergreen allege that "by proceeding with the transaction, Kirzhner conveyed her willingness to abide by the sole remedy clause while concealing from Silverstein and Evergreen her apparent belief that [she] could sue Evergreen for money damages in the event of a breach." Id., para. 19. The allegation that Plaintiff made the alleged misrepresentation with respect to the Sole Remedy by "proceeding with the Transaction" is not an allegation of an express representation but of conduct. Even though Fed.R.Civ.P. 9(b) requires that Silverstein and Evergreen plead their allegations of fraud with particularity, they do not identify how Plaintiff made the alleged misrepresentation other than by asserting she did so merely by the act of executing a contract that contained the Sole Remedy. Silverstein and Evergreen have not, therefore, alleged enough facts to support their claim.

Nevertheless, Plaintiff's alleged misrepresentation is simply a contractual promise she made through an express provision of the Purchase Agreement. It is the law in Colorado that a contractual promise with respect to future conduct cannot support a fraud claim, unless there was an intention at the time the promise was made not to follow through with the promise. See Brody, 897 P.2d at 776; Nelson, 121 P.3d at 343; State Bank of Wiley, 723 P.2d at 160. The Counterclaims make no allegations of facts that could plausibly demonstrate that Plaintiff, at the time the Transaction occurred, had no intention to abide by the Sole Remedy in a manner that was fraudulent. The only alleged facts that could conceivably have any connection to Plaintiff's intent then are that Plaintiff has argued now that she should be able to sue Silverstein and Evergreen

for money damages irrespective of the Sole Remedy on the basis of Section 2.03 of the Purchase Agreement. What Plaintiff has argued now, in light of conduct she believes Silverstein has engaged in since the Transaction occurred, cannot serve as evidence as to what her intent was when she proceeded with the Transaction. The conduct Plaintiff has alleged Silverstein has engaged in was not present at the time of the Transaction. The alleged misrepresentation asserted by the Counterclaims, therefore, being a contractual promise about future conduct, where there is no plausible allegation of a present intention not to fulfill the promise, cannot support the Counterclaims under Colorado law.

C.  **The Counterclaims Should Be Dismissed with Prejudice Because the Alleged Misrepresentation Involves an Opinion with Respect to Legal Issues**

In addition the Counterclaims should be dismissed with prejudice because the alleged misrepresentation is not one of fact, which Silverstein and Evergreen must allege under Colorado law, but one of opinion as to legal rights. Plaintiff's alleged misrepresentation was that she "would abide by" the Sole Remedy while concealing her "apparent belief" that she could sue Evergreen for money damages. See Counterclaims, para. 19. It is evident that Plaintiff's belief of what she might be entitled to do under the Purchase Agreement with respect to future conduct constitutes an opinion as to her legal rights thereunder. As a result, her alleged concealed intent, that allegedly renders the alleged representation of abiding by the Sole Remedy false, pertains merely to her own opinion about the legal rights afforded her by Section 2.03.

It is settled law in Colorado that opinion about legal rights cannot serve as a

basis for a fraud claim. The situation raised by the Counterclaims is similar to that present in Two, Inc. v. Gilmore, supra. In Two, Inc., the fraud claim could not succeed because it was predicated on an alleged misrepresentation that "a management contract was tantamount to a lease and would allow for the sharing of liquor license privileges." Two, Inc., 679 P.2d at 117. The court held that the fraud claim could not succeed in that case because a party has no right to rely on a representation where the alleged representation pertains to the legal effect of a contract. See id. Since the alleged misrepresentation here pertains to Plaintiff's belief and argument with respect to the legal effect of the Sole Remedy and Section 2.03 on the basis of the allegations of the Verified Complaint, Silverstein's and Evergreen's fraud claim rests entirely on allegations that are rendered by Colorado law to be matters of opinion about the law and not fact. Since Silverstein and Evergreen must allege that Plaintiff made a misrepresentation of material *fact* and have not done so, the Counterclaims fail to state a claim for relief as a matter of law and must be dismissed with prejudice.

D. **The Counterclaims Should Be Dismissed Because Neither Silverstein nor Evergreen Has Suffered Any Damages as a result of the Alleged Misrepresentation**

In order for Silverstein's and Evergreen's fraud in the inducement claim to be plausible, they must plausibly allege that they have been damaged by Plaintiff's alleged misrepresentation. See Brody, 897 P.2d at 776. Neither Silverstein nor Evergreen have credibly alleged any damages.

1. **Silverstein Has Not Been Damaged**

Silverstein alleges he has sustained damages of at least $1,300,000.00.

Silverstein Counterclaim, para. 22. It must be presumed that the $1,300,000.00 consists of the amounts he thinks he has paid Plaintiff pursuant to the Note.[4] The Silverstein Counterclaim also alleges, however, that he received Plaintiff's 5,000,000 shares of Stock from Plaintiff pursuant to the Transaction and that receipt of the Stock rendered him sole owner of Evergreen. Silverstein Counterclaim, paras. 6 through 9. Silverstein is, therefore, in full possession of all of the Stock for which he bargained, while Silverstein has only paid $1,300,000.00 for that Stock pursuant to his own obligations. As noted above with respect to the discussion of Kinsey v. Preeson, the Counterclaims do not present a situation in which Plaintiff promised to deliver certain consideration (*i.e.*, the Stock) to induce Silverstein to pay her money, but then failed to transfer the promised consideration and absconded with Silverstein's money. It is bold in the extreme for Silverstein now to assert that he has suffered damages in the form of an amount he was obligated to pay Plaintiff after having received from Plaintiff the full benefit of the consideration for which he bargained. There is simply no credible basis for Silverstein to contend he has been damaged as a result of the alleged misrepresentation. Silverstein's counterclaim must, therefore, be dismissed with prejudice.

2. **Evergreen Has Not Been Damaged Because the Court Has Ruled That the Sole Remedy Provision Does Not Apply to Plaintiff's Breach of Contract Claim Against Evergreen**

Evergreen has also not been damaged. Indeed, Evergreen does not even allege a specific amount and type of damage. In Evergreen's prayer for relief, Evergreen does

---

[4] Plaintiff does not concede that Silverstein has paid her $1,300,000.00 to date for the Stock but

ask that Plaintiff be required to return to Evergreen the $1,300,000.00 she has allegedly received for the Stock. See Evergreen Counterclaim, page 18. Evergreen has no legal basis, however, to request that the $1,300,000.00 allegedly paid to Plaintiff be returned to Evergreen because Evergreen has not paid Plaintiff anything. There is no allegation that Evergreen has paid Plaintiff anything. Indeed, it is patently clear from the Purchase Agreement that, though Evergreen had an affirmative obligation under the Maintenance Covenant, Evergreen did not have a *payment* obligation to Plaintiff. Indeed, in Evergreen's Motion to Dismiss, Evergreen made a point of the fact that Evergreen has no payment obligation to Plaintiff. See Defendant Evergreen Industries, Inc.'s Motion to Dismiss (Document 7), page 5. Evergreen thought this point so obvious that it served as the basis for Evergreen's Motion for Rule 11 Sanctions against Plaintiff, which the Court denied in the Order. See Defendant's Motion for Rule 11 Sanctions Against Plaintiff's and Plaintiff's Counsel Re: Plaintiff's Accounting Claims (Document 29), pages 4-5. Yet, now Evergreen contends Plaintiff should return to Evergreen $1,300,000.00 she has been paid for the Stock. Evergreen is taking inconsistent positions.

In addition, Evergreen has not been damaged by the alleged misrepresentation at all because the Court has ruled that the Sole Remedy does not provide Evergreen any protection from Plaintiff's claim that Evergreen has breached the Maintenance Covenant. See Order, pages 12 and 14. Indeed, the Court has determined that the Sole Remedy does not apply to Evergreen's breach. See id. As a result of the Court's

---

the exact amount cannot be determined with respect to this Motion.

ruling in the Order, the alleged misrepresentation that Plaintiff agreed to abide by the Sole Remedy while concealing that she could sue Evergreen for money damages was no *mis*representation at all. The Court has ruled that Plaintiff has the legal right to sue Evergreen for money damages on the basis of Section 2.03, notwithstanding the Sole Remedy. Certainly, Evergreen cannot plausibly plead that it has been damaged by an alleged misrepresentation when the alleged misrepresentation has been determined by the Court to be an accurate assertion of Plaintiff's legal rights under the Purchase Agreement. The Evergreen Counterclaim, therefore, has not pled a plausible claim for relief and must be dismissed with prejudice.

### E. Silverstein and Evergreen's Request for Exemplary Damages Is Inappropriate and Should Be Stricken

The Counterclaims inappropriately include a claim for exemplary damages. Counterclaims, para. 23. Section 13-21-102(1.5)(a), C.R.S., provides that a claim for exemplary damages may not be included in the initial claim for relief and may only be permitted in an amended pleading upon a *prima facie* showing of "proof of a triable issue." As a result, the Counterclaims as initial pleadings inappropriately included a claim for exemplary damages.

In addition, based on the allegations of the Counterclaims, Silverstein and Evergreen have not alleged any facts to support a finding of any malice, or willful and wanton conduct on the part of Plaintiff. The Counterclaims merely allege that Plaintiff has now relied on Section 2.03 of the Purchase Agreement to contend against applicability of the Sole Remedy and that she allegedly concealed a *belief* that she could sue Silverstein and Evergreen for money damages on the basis of that provision.

K189 002 Plaintiff's Motion Dismiss Counterclaims

Those allegations do not amount to malice or willful and wanton conduct, particularly since the Court has ruled that Evergreen cannot hide behind the Sole Remedy. As a result, the request by Silverstein and Evergreen for exemplary damages should be stricken, even if the Court ultimately decides to allow the Counterclaims to go forward.

## CONCLUSION

The Counterclaims are based on an alleged misrepresentation that is a promise written into the Purchase Agreement with respect to future conduct and not a representation at all. The Counterclaims are also based on an alleged concealed belief Plaintiff allegedly had at the time of the Transaction as to her legal rights pursuant to Section 2.03 of the Purchase Agreement. As demonstrated above, those allegations cannot sustain the Counterclaims as a matter of law. In addition, neither Silverstein nor Evergreen has sufficiently pled how he or it were damaged as a result of Plaintiff's alleged misrepresentation. As a result, the Counterclaims fail to state claims for relief as matter of law and must be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6). Even if the Court decides that the Counterclaims may go forward, Silverstein's and Evergreen's claims for exemplary damages should be stricken pursuant to § 13-21-102(1.5)(a), C.R.S.

WHEREFORE, Plaintiff respectfully requests that the Counterclaims be dismissed with prejudice and/or that the request for exemplary damages stated in the Counterclaims be stricken.

K189 002 Plaintiff's Motion Dismiss Counterclaims

Respectfully submitted,

*[signature]*

Alan D. Sweetbaum, Esq.
Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
(303) 296-3377
Denver, CO 80202
asweetbaum@sweetbaumlevinsands.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2010, a true and correct copy of the foregoing **MOTION OF PLAINTIFF ILONA KIRZHNER PURSUANT TO FED.R.CIV.P. 12(b)(6) TO DISMISS THE COUNTERCLAIMS OF DEFENDANTS DAVID SILVERSTEIN AND EVERGREEN INDUSTRIES, INC. AND/OR TO STRIKE DEFENDANTS' CLAIM FOR EXEMPLARY DAMAGES** was served electronically, to:

Marc F. Pappalardo, Esq.
Pappalardo Law Group, LLC
1921 Corporate Center Circle, 3F
Longmont, CO 80501

Daniel W. Glasser, Esq.
Glasser Law Group, LLC
4582 S. Ulster Street Parkway, Suite 1650
Denver, CO 80237

*[signature]*

Jenilee Walskog