**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-2858-CMA-BNB

ILONA KIRZHNER,

    Plaintiff,

v.

DAVID SILVERSTEIN, an Individual,
EVERGREEN INDUSTRIES, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP INTERNATIONAL, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP, INC., a Colorado corporation,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company, and
DSI INVESTMENTS, LLC, a Colorado limited liability company,

    Defendants.

_____

**PLAINTIFF'S FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS THE DEFENDANTS' AMENDED COUNTERCLAIMS**
_____

Plaintiff Ilona Kirzhner ("Plaintiff"), by and through her attorneys, Alan D. Sweetbaum and Thomas L. DeVine, Jr., and pursuant to Fed.R.Civ.P. 12(b)(6), hereby submits her motion to dismiss the Amended Counterclaims that have been asserted by Defendants David Silverstein and Evergreen Industries, Inc.

**PROCEDURAL POSTURE**

Plaintiff filed her Verified Complaint on November 18, 2009. Defendants David Silverstein ("Silverstein") and Evergreen Industries, Inc. ("Evergreen") (collectively the "Defendants") removed this action to this Court on December 7, 2009. The Defendants filed Motions to Dismiss Plaintiff's Complaint and Motions for Sanctions. On July 23, 2010, the

1

Court granted in part and denied in part the Defendants' Motions to Dismiss, and denied the Defendants' Motions for Sanctions.

On August 5, 2010, the Defendants filed their Answers to Plaintiff's Verified Complaint, and each Defendant asserted a counterclaim against Plaintiff for fraud in the inducement. Plaintiff moved to dismiss the counterclaims on September 16, 2010. In recognition of the fatal flaws in their counterclaims, the Defendants requested leave to amend their counterclaims rather than responding to Plaintiff's Motion to Dismiss. The Court granted leave to amend the counterclaims on October 21, 2010.

The Defendants' Amended Counterclaims failed to cure the fatal deficiencies in their original counterclaims. The Defendants' Amended Counterclaims still fail to state a claim upon which relief may be granted. Plaintiff's Motion to Dismiss the Defendants' Amended Counterclaims pursuant to F.R.C.P. 12(b)(6) follows.

## INTRODUCTION

The Defendants have each asserted the same counterclaim against Plaintiff: fraud in the inducement. Except for minor differences in terminology to coincide with the party asserting the counterclaim, the Silverstein Amended Counterclaim and Evergreen Amended Counterclaim are identical. As a result and for ease of reference, the Silverstein Amended Counterclaim and Evergreen Amended Counterclaim will collectively be referred to as the "Defendants' Counterclaims."

The Defendants' Counterclaims allege that Plaintiff fraudulently induced Silverstein and Evergreen to enter into the at-issue transaction that was memorialized in part in the Stock Purchase and Sale Agreement among Plaintiff, Silverstein and Evergreen (the "Purchase

Agreement").[1]  True and correct copies of the Purchase Agreement have been attached to numerous pleadings filed by each party, and can be found in the Court's file *ad passim*. Defendants allege that Plaintiff represented she would be bound by the sole remedy provision within paragraph 3.01 of the Purchase Agreement (the "Sole Remedy"), while at the same time concealing her apparent belief that she could sue Evergreen for money damages in the event of a breach.

The Purchase Agreement's Sole Remedy provision provides that, in the event of breach or default, Plaintiff's sole remedy is the return of the purchased stock, which itself collateralized the promissory note arising out of the Purchase Agreement.

Apart from the Sole Remedy provision, the Purchase Agreement contains a "Maintenance Covenant," paragraph 2.03, which provides:

> Until Buyer has paid for all of the Stock in full, the Corporation and Buyer covenant and agree that the sum of the following figures shall at least be equal to the then unpaid portion of the Purchase Price: (i) the valuation of the Corporation, as determined by the Corporation's independent auditors and (ii) the value of any replacement collateral.  Acknowledging that the Pledged Stock is the sole security for the Note, the parties both warrant and covenant to conduct themselves at all times from and after the date of this Agreement, personally, and in their respective capacities as employees, officers, directors, shareholders, and former shareholders of the Corporation, in the utmost good faith, and to deal with each other and the Corporation fairly and equitably in all respects.

Silverstein and Evergreen allege that the arguments Plaintiff has made in this lawsuit based on the Defendants' material breach of the Maintenance Covenant of the Purchase Agreement, six years after the Transaction, reveal that Plaintiff falsely represented at the time the contract was executed that she would be bound by the Sole Remedy.

---

[1] According to the terms of the Purchase Agreement, Evergreen was a party thereto and is defined therein as "Corporation."  Silverstein is identified therein as the "Buyer" and Plaintiff as "Seller."

The Defendants' Counterclaims merely bring into focus that Plaintiff and the Defendants disagree concerning the legal effect of two express contractual provisions. The Defendants' original counterclaims were fatally flawed because they failed to allege anything beyond Plaintiff agreeing to the Sole Remedy through executing the Purchase Agreement. Attempting to cure this flaw, the Defendants' Counterclaims now include headings titled "Written and Spoken Misrepresentations"; "The Drafts of the Stock Purchase Agreement and the Final Stock Purchase Agreement Contain the Misrepresentations"; and "Kirzhner Had The Intent To Sue For Money Damages At the Time She Entered the Agreement." The allegations within each heading do not support those conclusory assertions, and the Defendants have failed to cure the defects from their original counterclaims.[2]

Without any allegation that Plaintiff deceived Silverstein or Evergreen concerning the Maintenance Covenant in Section 2.03, such as the insertion of that covenant into the Purchase Agreement without their knowledge or attempting to deceive them as to what the Maintenance Covenant actually requires, the Defendants cannot maintain an action for fraud in the inducement. Even by doubling the number of paragraphs in their counterclaims, Defendants are unable to establish anything other than that Plaintiff has a different view of the legal effect of the Sole Remedy provision and Maintenance Covenant. As set forth herein, a difference of opinion concerning the legal effect of an express contract term cannot serve as the basis for a fraud claim. The Defendants' Counterclaims must be dismissed.

---

[2] In determining the plausibility of the Defendants' Counterclaims, the Court does not need to accept conclusory allegations without supporting factual averments. Southern Disposal, Inc. v. Tex. Waste Mgmt., 161 F.3d 1259, 1262 (10th Cir. 1998).

## MOTION

### A.     Background

As the Court by now is aware, this matter arises out of alleged conduct of Silverstein and Evergreen with respect to and subsequent to a transaction (the "Transaction") that took place on September 15, 2004. In the Transaction, Plaintiff sold her 50% interest in Breakthrough Management Group, Inc. ("BMGI") to Silverstein. BMGI is now known as and will be referred to as Evergreen. At the time, Silverstein already owned the other 50% of Evergreen. Plaintiff's 50% interest in Evergreen consisted of 5,000,000 shares of Evergreen common stock (the "Stock"). The Transaction was memorialized by the Purchase Agreement. Silverstein tendered payment of the $5,000,000.00 purchase price for the Stock by making a Promissory Note Secured by Stock Pledge (the "Note") payable to Plaintiff. The Note was secured by the Stock.

The Defendants' Counterclaims allege that Silverstein received Plaintiff's Stock in the Transaction with the result that he became the sole owner of Evergreen. Thus, the Silverstein Counterclaim itself alleges that Silverstein received the material element for which he bargained in the Transaction. Silverstein also received a huge benefit from the Transaction, which he has enjoyed ever since: being sole owner of Evergreen. The Counterclaims do not allege that Plaintiff induced Silverstein and Evergreen to enter into the Transaction by promising to deliver the Stock but then failing to do so. See, e.g., Kinsey v. Preeson, 746 P.2d 542, 544 (Colo. 1987) (finding a cognizable claim for fraud in the inducement where the defendant induced the plaintiff to give him money to invest in a corporation that the defendant failed to form). Silverstein received what he bargained for. The Defendants' Counterclaims, therefore, do not allege that Plaintiff has engaged in any fraudulent conduct that has deprived Silverstein of the essential

benefit of the bargain.

Rather, the Defendants' Counterclaims assert that Plaintiff *per se* fraudulently induced the Defendants into entering into the Agreement by initiating this lawsuit. As the parties have argued numerous times in this matter, the Defendants contend that the Sole Remedy provision within section 3.01 of the Purchase Agreement bars any claim for monetary damages under every circumstance. Plaintiff has argued, *and the Court has agreed*, that the Maintenance Covenant within section 2.03 of the Purchase Agreement modifies and limits the scope, extent, and enforceability of the Sole Remedy provision in section 3.01. The Defendants sole basis for their counterclaims is that Plaintiff, by relying on the Maintenance Covenant, has committed fraud in the inducement.

Thus, the only issue before the Court is whether a party can bring and maintain a fraud in the inducement action against another party based exclusively on the parties' disagreement about the interpretation and legal effect of express contractual provisions. Settled law in Colorado provides that such an action is not viable. The Defendants' Counterclaims must be dismissed.

**B. Legal Standards Governing the Motion.**

    1. Legal Standard for a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff files this Motion pursuant to Fed.R.Civ.P. 12(b)(6). In deciding this Motion, the Court must decide whether the Defendants' Counterclaims fail "to state a claim to relief that is plausible on its face." United States v. Salina Regional Health Ctr., Inc., 543 F.3d 1211, 1217 (10th Cir. 2008) (citations omitted). "A claim has facial plausibility when the [claiming party] pleads factual content that allows the court to draw the reasonable inference that the [defending party] is liable for the misconduct alleged." Id. at 1949. In determining the plausibility of the

6

Defendants' Counterclaims, the Court does not need to accept conclusory allegations without supporting factual averments. Southern Disposal, Inc. v. Tex. Waste Mgmt., 161 F.3d 1259, 1262 (10th Cir. 1998).

If the Court considers matters outside the Complaint, the Motion must be disposed of as a motion for summary judgment pursuant to Fed.R.Civ.P. 56. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court may consider documents referred to in the Complaint that are central to the Counterclaims, the authenticity of which is not disputed. See id. As a result, the Court may consider the Purchase Agreement without turning the Motion into a motion for summary judgment.[3]

    2.    <u>Legal Standards Pertaining to the Fraud in the Inducement Counterclaims</u>.

To establish their claim for fraud in the inducement, Silverstein and Evergreen must establish (1) that Plaintiff made a false representation of a material *fact*; (2) that Plaintiff knew the representation was false; (3) that Silverstein and Evergreen did not know the representation was false; (4) that Plaintiff made the representation with the intent Silverstein and Evergreen rely upon it; and (5) that the representation resulted in damages. Brody v. Bock, 897 P.2d 769, 776 (Colo. 1995); Trimble v. City and County of Denver, 697 P.2d 716, 724 (Colo. 1985); Bemel, Assocs., Inc. v. Brown, 435 P.2d 407, 409 (Colo. 1968).

A promise related to future performance cannot serve as a false representation, unless there was a present intention not to fulfill the promise when the promise was made. See id; see also Nelson v. Gas Rsch. Inst., 121 P.3d 340, 343 (Colo. App. 2005); State Bank of Wiley v. States, 723 P.2d 159, 160 (Colo. App. 1986). A statement as to what the law permits or prohibits

is a statement of opinion, not fact, and cannot support an action for fraud. Brodeur v. Am. Home Assurance Co., 169 P.3d 139, 153 (Colo. 2007); Chacon v. Scavo, 358 P.2d 614, 614-15 (Colo. 1960); Feit v. Donahue, 826 P.2d 407, 412 (Colo.App. 1992); Two, Inc. v. Gilmore, 679 P.2d 116, 117 (Colo.App. 1984). A party is not justified in relying upon a representation that is a statement of opinion with respect to the law. Chacon, 358 P.2d at 615; Feit, 826 P.2d at 412; and Two, Inc., 679 P.2d at 117.

> C. **The Counterclaims Should Be Dismissed with Prejudice Because the Alleged Misrepresentation Was a Promise With Respect to Future Conduct.**

Notwithstanding the numerous additional paragraphs containing inconsequential allegations, the Defendants' Counterclaims hinge on a single allegation:

> As previously alleged herein in greater detail, Kirzhner represented to Silverstein and Evergreen that in the event that Silverstein agreed to purchase her Stock that Kirzhner would not take the action of ever brining any express or implied breach of contract claim against either Evergreen or Silverstein where she would request monetary damages, and at the time that Kirzhner made that representation, she never had the then-present intention to so restrain her action should there later be a breach or default. This fact was material to the transaction and Silverstein and Evergreen would not have entered into the Stock Purchase Agreement, and Silverstein would not [sic] delivered the Note but for Kirzhner's affirmative misrepresentations and/or omissions. The misrepresentations were made with the intent to induce Silverstein and Evergreen to enter into the Stock Purchase Agreement and to induce Silverstein to deliver the Note, and actually induced them to enter the agreement and Silverstein to deliver the Note.

Amended Counterclaim, ¶40.

This allegation is circular and nonsensical. Plaintiff and Defendants contracted for the sale of stock, evidenced by promissory note, and secured by collateral. The Purchase Agreement mandated that the Defendants maintain the value of the collateral. In the event of a breach or

---

[3] The Purchase Agreement was referred to in the Counterclaims and in the Defendants' Motions to Dismiss.

default, Plaintiff would be entitled to return of the collateral at the maintained value as her sole remedy.

The Defendants contend that Plaintiff consented to the Sole Remedy of the Purchase Agreement in every circumstance, including the Defendants' illegal, arbitrary, or fraudulent depletion of the value of the collateral for the purpose of the Defendants breaching that very contract, and that her sole remedy – even in light of the Defendants' illegal, arbitrary, or fraudulent conduct – was for return of the valueless collateral. For the Defendants' Counterclaims to have any basis, they must allege and concede that they disclosed to Plaintiff their intention to engage in illegal, arbitrary, or fraudulent conduct, and that Plaintiff at that time knew that she would sue for monetary damages if the Defendants did indeed engage in that illegal, arbitrary, or fraudulent conduct. Thus, the Defendants must allege that Plaintiff knew, at the time she executed the Purchase Agreement: (1) that the Defendants would engage in a scheme or artifice to illegally, arbitrarily, or fraudulently deplete the value of the collateral; and (2) that Plaintiff would sue for monetary damages in that eventuality. For obvious reasons, the Defendants do not make these allegations, and the Defendants' Counterclaims must fail.

Moreover, Plaintiff's alleged misrepresentation is simply a contractual promise she made through an express provision of the Purchase Agreement. It is settled law in Colorado that a contractual promise with respect to future conduct cannot support a fraud claim, unless there was an intention at the time the promise was made not to follow through with the promise. See Brody, 897 P.2d at 776; Nelson, 121 P.3d at 343; State Bank of Wiley, 723 P.2d at 160. The Counterclaims make no allegations of facts that could plausibly demonstrate that Plaintiff, at the

---

Plaintiff does not believe the authenticity of the Purchase Agreement is disputed.

time the Transaction occurred, had no intention to abide by the Sole Remedy in a manner that was fraudulent.  The only alleged facts that could conceivably have any connection to Plaintiff's intent then are that Plaintiff has argued now that she should be able to sue Silverstein and Evergreen for money damages irrespective of the Sole Remedy on the basis of the Maintenance Covenant in the Purchase Agreement.  What Plaintiff has argued now, in light of conduct she believes Silverstein has engaged in since the Transaction occurred, cannot serve as evidence as to what her intent was <u>at the time</u> she proceeded with the Transaction.  The conduct Plaintiff alleges Silverstein has engaged in was not present at the time of the Transaction.  The alleged misrepresentation asserted by the Defendants' Counterclaims, therefore, being a contractual promise about future conduct, where there is no plausible allegation of a present intention not to fulfill the promise, cannot support the Defendants' Counterclaims under Colorado law.

> **D.    The Counterclaims Should Be Dismissed with Prejudice Because the Alleged Misrepresentation Involves an Opinion with Respect to Legal Issues.**

In addition, the Counterclaims should be dismissed with prejudice because the alleged misrepresentation is not one of fact, which Silverstein and Evergreen must allege under Colorado law, but one of opinion as to legal rights.  Plaintiff's belief of what she might be entitled to do under the Purchase Agreement with respect to future conduct constitutes an opinion as to her legal rights thereunder.  As a result, her alleged concealed intent, that Defendants' contend renders false the alleged representation of abiding by the Sole Remedy, pertains merely to her own opinion about the legal rights afforded her by the Maintenance Covenant.

It is settled law in Colorado that opinion about legal rights cannot serve as a basis for a fraud claim.  The situation raised by the Defendants' Counterclaims is similar to <u>Two, Inc. v.</u>

Gilmore, 679 P.2d 116, 117 (Colo. App. 1984). In Two, Inc., the fraud claim failed because it was predicated on an alleged misrepresentation that "a management contract was tantamount to a lease and would allow for the sharing of liquor license privileges." Two, Inc., 679 P.2d at 117. The court held that the fraud claim could not succeed in that case because a party has no right to rely on a representation where the alleged representation pertains to the legal effect of a contract. See id. Since the alleged misrepresentation here pertains to Plaintiff's belief and argument with respect to the legal effect of the Sole Remedy and Maintenance Covenant on the basis of the allegations of the Verified Complaint, Silverstein's and Evergreen's fraud claim rests entirely on allegations that are rendered by Colorado law to be matters of opinion about the law and not fact. Since Silverstein and Evergreen must allege that Plaintiff made a misrepresentation of material *fact* and have not done so, the Counterclaims fail to state a claim for relief as a matter of law and must be dismissed with prejudice.

      **E.    The Counterclaims Should Be Dismissed Because Neither Silverstein nor Evergreen Has Suffered Any Damages as a Result of the Alleged Misrepresentation.**

In order for Silverstein's and Evergreen's fraud in the inducement claim to be plausible, they must plausibly allege that they have been damaged by Plaintiff's alleged misrepresentation. See Brody, 897 P.2d at 776. Neither Silverstein nor Evergreen has credibly alleged any damages.

      1.    <u>Silverstein Has Not Been Damaged</u>.

Silverstein alleges he has sustained damages of at least $1,300,000.00. Plaintiff assumes the $1,300,000.00 consists of the amount Silverstein thinks he paid Plaintiff pursuant to the Note. The Silverstein Counterclaim also alleges, however, that he received Plaintiff's 5,000,000 shares

of Stock from Plaintiff pursuant to the Transaction and that receipt of the Stock rendered him sole owner of Evergreen. Silverstein is, therefore, in full possession of all of the Stock for which he bargained, while Silverstein has only paid $1,300,000.00 for that Stock pursuant to his own obligations. As noted above with respect to the discussion of <u>Kinsey v. Preeson</u>, the Defendants' Counterclaims are not based upon Plaintiff's promise to deliver certain consideration (the Stock) to induce Silverstein to pay her money, but then failed to transfer the Stock and absconded with Silverstein's money. It is bold in the extreme for Silverstein now to assert that he has suffered damages in the form of an amount he was obligated to pay Plaintiff after having received from Plaintiff the full benefit of the consideration for which he bargained, having only had to pay 25% or less of his obligation to obtain the full benefit of his bargain. There is simply no credible basis for Silverstein to contend he has been damaged as a result of the alleged misrepresentation. Silverstein's counterclaim must, therefore, be dismissed with prejudice.

> 2. <u>Evergreen Has Not Been Damaged Because the Court Has Ruled that the Sole Remedy Provision Does Not Apply to Plaintiff's Breach of Contract Claim Against Evergreen</u>.

Evergreen has also not been damaged. Indeed, Evergreen does not even allege a specific amount and type of damage, except to say that the damages it has suffered are "tremendous." Evergreen Amended Counterclaim ¶ 46. In Evergreen's prayer for relief, Evergreen asks that Plaintiff be required to return to Evergreen the $1,300,000.00 she has allegedly received for the Stock. Evergreen has no legal basis, however, to request that the $1,300,000.00 allegedly paid to Plaintiff be returned to Evergreen because Evergreen has not paid Plaintiff anything. Indeed, Evergreen does not (and cannot) even allege that Evergreen paid Plaintiff anything. It is patently clear from the Purchase Agreement that, though Evergreen had an affirmative obligation under

the Maintenance Covenant, Evergreen did not have a *payment* obligation to Plaintiff. In Evergreen's Motion to Dismiss, Evergreen made a point of the fact that Evergreen has no payment obligation to Plaintiff. See Defendant Evergreen Industries, Inc.'s Motion to Dismiss (Document 7), page 5. Evergreen thought this point so obvious that it served as the basis for Evergreen's Motion for Rule 11 Sanctions against Plaintiff (which the Court denied). See Defendant's Motion for Rule 11 Sanctions Against Plaintiff's and Plaintiff's Counsel Re: Plaintiff's Accounting Claims (Document 29), pages 4-5. Yet, now Evergreen contends Plaintiff should return to Evergreen $1,300,000.00 she has been paid for the Stock. Evergreen is taking inconsistent positions.

In addition, Evergreen has not been damaged by the alleged misrepresentation at all because the Court has ruled that the Sole Remedy does not provide Evergreen any protection from Plaintiff's claim that Evergreen has breached the Maintenance Covenant. See Order, pages 12 and 14. Indeed, the Court has determined that the Sole Remedy does not apply to Evergreen's breach. See id.; Gognat v. Ellsworth, 224 P.3d 1039, 1048 (Colo. App. 2009) (discussing the law of the case doctrine: "[a] prior ruling on a question of law made at one stage of a case becomes binding precedent to be followed in successive stages of the same litigation.").

As a result of the Court's ruling in the Order, the alleged misrepresentation that Plaintiff agreed to abide by the Sole Remedy while concealing that she could sue Evergreen for money damages was no *mis*representation at all. The Court has ruled that Plaintiff has the legal right to sue Evergreen for money damages on the basis of the Maintenance Covenant, notwithstanding the Sole Remedy. Certainly, Evergreen cannot plausibly plead that it has been damaged by an alleged misrepresentation when the alleged misrepresentation has been determined by the Court

to be an accurate assertion of Plaintiff's legal rights under the Purchase Agreement. The Evergreen Counterclaim, therefore, has not pled a plausible claim for relief and must be dismissed with prejudice.

## CONCLUSION

The Defendants' Counterclaims are based on an alleged misrepresentation that is a promise written into the Purchase Agreement with respect to future conduct and not a representation at all. The Counterclaims are also based on an alleged concealed belief Plaintiff allegedly had at the time of the Transaction as to her legal rights pursuant to the Maintenance Covenant within the Purchase Agreement. As demonstrated above, those allegations cannot sustain the Counterclaims as a matter of law. In addition, neither Silverstein nor Evergreen has sufficiently pled how they were damaged as a result of Plaintiff's alleged misrepresentation. The Defendants' Counterclaims fail to state claims for relief as matter of law and must be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

WHEREFORE, Plaintiff respectfully requests that Defendant Evergreen Industries, Inc.'s First Amended Counterclaims and Defendant David Silverstein's First Amended Counterclaim be dismissed with prejudice.

Respectfully submitted,

*s/ Alan D. Sweetbaum*
Alan D. Sweetbaum
Thomas L. DeVine, Jr.
Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
(303) 296-3377
Denver, CO 80202
asweetbaum@sweetbaumlevinsands.com
tdevine@sweetbaumlevinsands.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 4th day of November 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    dglasser@glasserlawgroup.com
    marcpapp@hotmail.com

    *s/ Alan D. Sweetbaum*
    Thomas L. DeVine, Jr., Esq.
    Alan D. Sweetbaum, Esq.
    Sweetbaum, Levin & Sands, P.C.
    1125 Seventeenth Street, Suite 2100
    Denver, CO 80202
    (303) 296-3377
    asweetbaum@sweetbaumlevinsands.com
    tdevine@sweetbaumlevinsands.com