IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02858-CMA-BNB

ILONA KIRZHNER,

Plaintiff,

v.

DAVID SILVERSTEIN,
EVERGREEN INDUSTRIES, INC., a Colorado corporation, f/k/a Breakthrough Management
Group International, Inc., f/k/a Breakthrough Management Group, Inc.,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company, and
DSI INVESTMENTS, LLC, a Colorado limited liability company,

Defendants.

---

**ORDER**

---

This matter arises on the **Unopposed Motion for Protective Order** [Doc. # 129, FILED
3/1/2011] (the "Motion").  The Motion is DENIED and the proposed Protective Order is
REJECTED.  The parties are granted leave to submit a revised proposed Protective Order
consistent with the comments contained here.

In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out
certain requirements for the issuance of a blanket protective order such as the one sought here.
Among other things, I require that any information designated by a party as confidential must
first be reviewed by a lawyer and that the designation as confidential must be "based on a good
faith belief that [the information] is confidential or otherwise entitled to protection" under Fed.
R. Civ. P. 26(c)(1)(G).  Gillard, 196 F.R.D. at 386.  In addition, I require that the protective order
contain a mechanism by which a party may challenge the designation of information as

privileged.  The addendum to the <u>Gillard</u> decision is a form of protective order which contains a provision that satisfies this requirement:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

<u>Id</u>. at 388-89.

The proposed Protective Order does not comply with this requirement.  To the contrary, the proposed Protective Order fails to require the designating party to file a motion for protective order within a specified time after the parties have failed to reach an agreement, as <u>Gillard</u> requires.

In addition, ¶ 20 of the proposed Protective Order purports to establish a procedure for filing materials under seal which is not entirely consistent with D.C.COLO.LCivR 7.2.  Any revised proposed Protective Order should specify that materials may be filed under seal in a manner consistent with D.C.COLO.L CivR 7.2.

IT IS ORDERED that the Motion is DENIED.

2

Dated March 7, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge