IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09CV02858(WDM-BNB)

ILONA KIRZHNER, an individual

      Plaintiff/Counterdefendant,

v.

DAVID SILVERSTEIN, an individual
EVERGREEN INDUSTRIES, INC., f/k/a
BREAKTHROUGH MANAGEMENT
GROUP INTERNATIONAL, INC., f/k/a
BREAKTHROUGH MANAGEMENT
GROUP, INC., a Colorado corporation
DAVID SILVERSTEIN INVESTMENTS,
LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado
limited liability company;
BMGI CORPORATION, a Delaware
corporation;
BMGI HOLDINGS LLC, a Delaware limited
liability
company,

      Defendants.

v.

DAVID SILVERSTEIN, an individual
EVERGREEN INDUSTRIES, INC., a
Colorado corporation,

Counterclaimants

      Defendants.

---

**ORDER**

---

The Court, having received and reviewed the parties Joint Motion for Protective Order, and good cause appearing therefore:

IT IS HEREBY ORDERED THAT a Protective Order be and is hereby entered as follows:

## DEFINITIONS

1. "Confidential Information" means all information, documents tangible things, transcripts of oral testimony or recorded statements, or summaries thereof and other materials produced or otherwise conveyed during this litigation and designated in good faith by the Producing and/or Designated Party as "Confidential Information" at the time of production or conveyance or thereafter by agreement of the parties. "Confidential Information" includes a Producing or Designating Party's (a) proprietary technical research or development information; (b) trade secrets; (c) information concerning any employees or independent contractors of a party, including but not limited their social security numbers, wages, and of their personal identifying information; (d) know-how; or (e) sensitive marketing, business or financial information, which the Producing or Designating Party believes are entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

2. "Confidential Restricted Information" means all information, documents tangible things, transcripts of oral testimony or recorded statements, or summaries thereof and other materials produced or otherwise conveyed during this litigation and designated in good faith by the Producing or Designating Party as "Confidential Restricted Information" at the time of production or thereafter by agreement of the parties. "Confidential Restricted Information" includes a Producing or Designating Party's highly sensitive financial, marketing, proprietary or technical information or know-how or third party information, including the identity of customers and suppliers, and that warrants the restricted disclosure accorded to "Confidential

Restricted Information," which the Producing or Designating Party believes are entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

3. "Confidential Information or Confidential Restricted Information" shall include all information, documents and things referring or relating to the foregoing, including but not limited to copies, summaries, contents and abstracts or the foregoing. No item shall be deemed protected by this Protective Order if it is disclosed in a printed publication, is publicly known, is or comes to be publicly known through means not constituting breaches of this Protection Order. Further, this Protective Order shall not be deemed to cover items obtained by a party independently of this proceeding.

4. "Producing Party" means the party or non-party that produces Confidential Information or Confidential Restricted Information.

5. "Receiving Party" means any party or non-party receiving Confidential Information or Confidential Restricted Information.

6. "Designating Party" means the party or non-party that designated its own material or those of any other party or entity as Confidential Information or Confidential Restricted Information.

7. "Authorized Personnel" means:

    a. Members, partners, associates and employees of counsel for plaintiff.

    b. Members, partners, associates and employees for counsel for defendants.

    c. Outside experts or outside consultants for plaintiff or defendants, individually or collectively, including employees of those outside experts or outside consultants, whose advice and consultation are being or will be used by such party in connection with this proceeding, including any motions in this proceeding. Each such outside expert or outside

consultant shall execute an undertaking in the form annexed hereto as Exhibit A, prior to the disclosure to him or her of any Confidential Information or Confidential Restricted Information.

d. Individual parties to this litigation and officers, directors, representatives and employees of party, whose review of Confidential Information is reasonably necessary to assist in the prosecution or defense or this litigation.

e. Any person who (1) prepared or was involved in the preparation of any document, information or other tangible medium or (2) who received or reviewed such document, information or tangible medium for business purposes other than this litigation. Such person shall be considered "Authorized Personnel" solely with respect to the specific document, information or tangible medium for which the person was involved in the preparation of, or which the person received or reviewed.

f. Persons whose testimony will be taken in this litigation, persons noticed for deposition, or trial witnesses and their counsel in this litigation whose review of the specific Confidential Information or Confidential Restricted Information is necessary for such testimony, so long as such persons have executed the form annexed hereto as Exhibit A.

g. Officers of the Court, including court reporters or others associated with the Court through the trial of this litigation, where disclosure is necessary.

8. All original documents and things produced by a Producing Party for inspection by the Receiving Party shall be retained by the Producing Party and, during the pendency of this proceeding and upon good cause being shown, shall be made available for inspection and copying pursuant to the terms of this Protective Order at reasonable times upon reasonable request.

9. Any document that the Producing or Designating Party desires to designate as Confidential Information or Confidential Restricted Information shall be so stamped or marked

on each page within fourteen (14) days after the time documents containing Confidential Information or Confidential Restricted Information are produced or disclosed; unless otherwise agreed by the parties. Items other than source documents (such as interrogatory answers, affidavits, deposition testimony, computer programs, etc.) shall be marked at a time and in a conspicuous manner appropriate to the items in question. Any Confidential Information or Confidential Restricted Information that was produced prior to the entry of this Order but was not stamped, marked or designated at the time of production may be designated within fourteen (14) days following the entry of this order. No documents may be designated as Confidential Restricted Information that were produced prior to December 20, 2010.

10.  Documents or information can be later designated as Confidential Information or Confidential Restricted Information within a reasonable period following disclosure if they are inadvertently disclosed or produced without the proper designation. Any designation must be based on Plaintiff's or Defendant's counsel good faith belief that the information is confidential or otherwise entitled to protection.

11.  Deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information or Confidential Restricted Information shall be appropriately designated no later than thirty (30) days after receipt of the deposition transcript. Prior to the expiration of the 30-day period, all material in deposition transcripts shall be treated as Confidential Information at the time of deposition. The party claiming confidentiality of any deposition transcript, or portion thereof, or any deposition exhibit, shall arrange for the reporter to label the relevant portions(s) of the transcript and exhibit(s), as applicable:

> Confidential Information or Confidential Restricted Information Pursuant to Protective Order

Portions of a deposition which contain Confidential Information or Confidential Restricted Information shall be taken only in the presence of persons entitled access to such information under Paragraphs 17 and 18.

## CHALLENGE TO DESIGNATION

12.     A party may object to the designation of particular Confidential Information or Confidential Restricted Information by giving written notice to the Designating Party setting forth the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information or Confidential Restricted Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information or Confidential Restricted Information, as applicable, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information or Confidential Restricted Information, as applicable, and shall not thereafter be treated as either Confidential Information or Confidential Restricted Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information or Confidential Restricted Information, as applicable, shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information or Confidential Restricted Information, as applicable.

## NON-PARTIES

13. A copy of this Protective Order shall be furnished to each non-party required to produce documents. Such non-parties may produce and designate documents as "Confidential Information" or "Confidential Restricted Information" pursuant to the terms of this Protective Order and all such information shall be treated in accord with this Protective Order. A non-party's confidentiality designations shall be subject to the provisions of this order.

14. Prior to being provided access to any Confidential Information or Confidential Restricted information, all non-party witnesses must execute the acknowledgement to be bound in the form attached as Exhibit A or orally agree to its contents on the record during deposition or trial.

15. Discovery in this proceeding may involve receipt from non-parties of information, documents, things or testimony that include or contain Confidential Information or Confidential Restricted Information of a party. If a party has reason to believe that a non-party possesses Confidential Information or Confidential Restricted Information of a party, such party may notify the other parties to this proceeding of its belief and reasons therefore. Such notice must be in advance of any party's receipt of discovery from the subject non-party. Upon receipt of such notice, all parties shall treat information received from the subject non-party as Confidential Information for a period of thirty (30) days from the production of such information, documents or things or the transcription of such testimony. During the 30-day period, a party may designate as Confidential Information or Confidential Restricted Information, documents, things or testimony provided by the subject non-party, which will then be subject to terms and conditions of this Protective Order.

## LIMITATIONS ON ACCESS TO INFORMATION

7

16. No Confidential Information or Confidential Restricted Information shall without prior written consent of the Designating Party:(a) be disclosed to anyone other than the Court and the personnel specified in Paragraph 17 or 18 hereof, or (b) be used for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall detract from or affect in any way confidentiality obligations to which the parties may be subject pursuant to agreements independent of this proceeding.

17. Access to and disclosure of Confidential Information marked and identified in accordance with the Protective Order shall be limited to Authorized Personnel listed in Paragraphs 7(a)-(g).

18. Access to and disclosure of Confidential Restricted Information marked and identified in accordance with this Protective Order shall be limited solely to Authorized Personnel listed in Paragraph 7(a), (b), (c), (e), (f), and (g).

## GENERAL PROVISIONS

19. Execution of this Protective Order by counsel for a party shall constitute a representation by outside counsel that they and all persons employed by their firm will abide by the terms of this Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

20. In the event that any Confidential Information or Confidential Restricted Information is included with, or the contents thereof are in any way disclosed in any pleading, motion, brief, deposition transcript, or other paper filed with the Clerk of this Court, such papers containing Confidential Information or Confidential Restricted information shall be filed ~~in~~ [PMB] under seal in accordance with D.C.COLO.LCivR 7.2

21. At any hearing relating to this proceeding, subject to the rules of evidence and order of the Court, a party may use any Confidential Information or Confidential Restricted Information for any purpose, provided that counsel for the opposing party may, at the time of such proposed use, move for an appropriate protective order.

22. Except as expressly stated herein, nothing in this Protective Order is intended to affect any right any party otherwise might have under the rules governing this proceeding or the doctrines of attorney-client privilege or attorney work product.

23. The Protective Order shall not prevent plaintiffs or defendants, individually or collectively, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

24. All materials provided or produced by either party to the other prior to the entry of this Protective Order shall, for a period of thirty (30) days after lodging this Protective Order, be treated and designated as Confidential Information or Confidential Restricted Information without any further action being taken. During this 30-day period, a party may designate some or all of the material provided as Confidential Information or Confidential Restricted Information pursuant to the terms of this Protective Order.

25. Within sixty (60) days after the final disposition of this litigation, each party and all other persons subject to the terms of this Protective Order shall be under an obligation to collect and return to the Producing Party all copies of Confidential Information or Confidential Restricted Information and all copies and notes made therefrom or summaries thereof, or certify that they have been destroyed; provided however, that each outside counsel may retain a complete and unredacted set of pleadings and papers filed with the Court or served on the other party and may retain attorney work product documents.

26. Nothing in this order shall prevent or inhibit a party from using its own confidential documents.

27. This Order shall survive the final termination of this proceeding with respect to any retained Confidential Information or Confidential Restricted Information.

IT IS SO ORDERED this 11th day of March, 2011

~~THE HONORABLE~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

## DECLARATION GIVEN PURSUANT TO PROTECTIVE ORDER

I, _____, am employed by _____ and Hereby acknowledge that I am about to receive Confidential Information supplied by _____, as defined in the Protective Order in the above-captioned matter, and that I have been given a copy of and have read and understand my obligations under that Order. I hereby agree to be bound by the terms of the Order. I clearly understand that the Confidential Information and my copies or notes relating thereto shall not be disclosed to or discussed with anyone not similarly bound by the Protective Order. At the conclusions of the proceeding, I will return all materials containing Confidential Information, copies thereof and notes that I have prepared relating thereto, to counsel of record for the party who disclosed the Confidential Information to me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

Dated: _____

_____
Signature

_____
Print Name Legibly