**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-2858-CMA-BNB

ILONA KIRZHNER,

    Plaintiff,

v.

DAVID SILVERSTEIN, an Individual,
EVERGREEN INDUSTRIES, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP INTERNATIONAL, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP, INC., a Colorado corporation,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado limited liability company,
BMGI CORPORATION, a Delaware corporation, and
BMGI HOLDINGS, LLC, a Delaware limited liability company

    Defendants.

---

**PLAINTIFF'S APPLICATION FOR FEES INCURRED REGARDING MOTION FOR PROTECTIVE ORDER CONCERNING SWEETBAUM, LEVIN & SANDS SUBPOENA**

---

Plaintiff Ilona Kirzhner, by and through her attorneys, Alan D. Sweetbaum, Esq., and Thomas L. DeVine, Jr., Esq., hereby submits her Application for Fees Incurred Regarding Motion for Protective Order Concerning Sweetbaum, Levin & Sands Subpoena as follows:

    1.    Pursuant to the Court's rulings from the bench at the April 1, 2011 hearing, and the written order concerning the same issues dated April 5, 2011, Plaintiff seeks reimbursement of her fees and costs association with the Motion for Protective Order concerning the Sweetbaum Levin & Sands Subpoena ("SLS Motion").

2.      Magistrate Judge Boland held that the Subpoena to Sweetbaum, Levin & Sands ("Subpoena") was "intended to be harassing and vexatious." April 5, 2011 Order, p. 5.  Further, Judge Boland held "[T]he defendants' conduct was not substantially justified, and an award of expenses would not be unjust." Id. at 15.

3.      Pursuant to F.R.C.P. 26(c)(3) and F.R.C.P. 37(a)(5), "If the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees."

4.      Magistrate Judge Boland found that Plaintiff filed the SLS Motion after good faith attempts to obtain the requested relief without Court intervention, that the Defendants' conduct was not substantially justified, and that there are no circumstances making an award of expenses unjust. April 5, 2011 Order, p. 15.

5.      Magistrate Judge Boland awarded Plaintiff her expenses, including attorneys fees, incurred associated with the SLS Motion. April 5, 2011 Order, p. 15-16.

6.      Attached as **Exhibit A** hereto is an Affidavit from Plaintiff's counsel in compliance with D.Colo.L.Civ.R. 54.3.  Exhibit A has its own accompanying Exhibits A-1, and A-2.

Dated this 27th Day of April, 2011.

    *s/ Thomas L. DeVine, Jr.*
Alan D. Sweetbaum, Esq.
Thomas L. DeVine, Jr., Esq.
Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, CO 80202
asweetbaum@sweetbaumlevinsands.com
tdevine@sweetbaumlevinsands.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2011, a true and correct copy of the foregoing **PLAINTIFF'S APPLICATION FOR FEES INCURRED REGARDING MOTION FOR PROTECTIVE ORDER CONCERNING SWEETBAUM, LEVIN & SANDS SUBPOENA** was served via email, to:

Marc F. Pappalardo, Esq.
Pappalardo Law Group, LLC
1919 14th St., Suite 510
Boulder, CO 80302

Daniel W. Glasser, Esq.
Glasser Law Group, LLC
4582 S. Ulster Street Parkway, Suite 1650
Denver, CO 80237

    *s/ Thomas L. DeVine, Jr.*
Thomas L. DeVine, Jr.