IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02858-CMA-BNB

ILONA KIRZHNER,

Plaintiff,

v.

DAVID SILVERSTEIN,
EVERGREEN INDUSTRIES, INC., a Colorado corporation, f/k/a Breakthrough Management
Group International, Inc., f/k/a Breakthrough Management Group, Inc.,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado limited liability company,
BMGI CORPORATION, a Delaware corporation, and
BMGI HOLDINGS, LLC, a Delaware limited liability company,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Letter from David R. Mansfield** [Doc. # 188, filed 4/29/2011] which I will construe as a Motion for Protective Order; and

(2) **Defendants' Joint Motion to Extend the Discovery Cut-Off for the Limited Purpose of Completing the David Mansfield Deposition and to Extend the Dispositive Motion Deadline** [Doc. # 190, filed 5/2/2011] (the "Motion to Extend").

The scheduling of the deposition of Mr. Mansfield apparently has been difficult. The plaintiff reports that it has been scheduled to occur on five separate occasions, but has never been taken. Response [Doc. # 186] at ¶4. The plaintiff also asserts that Mr. Mansfield has waived service of process of the subpoena, which calls for his deposition to occur in Colorado,

and she requests that I require Mr. Mansfield to honor his agreement and to appear for a deposition in Colorado. Id. at p. 4.

Mr. Mansfield is not a party to this litigation and is a resident of Philadelphia, Pennsylvania, beyond the subpoena power of the court. I lack any authority to require Mr. Mansfield to travel to Colorado to sit for a deposition. See Fed. R. Civ. P. 45(b)(2) (limiting the subpoena power of the court to the district of the issuing court or outside the district but not more than 100 miles from the place specified for the deposition).

Plaintiff's counsel complains that the press of other business impairs its ability to take the deposition prior to the discovery cut-off, and anytime until late May 2011. The press of other business generally is not a basis to extend discovery deadlines. If plaintiff's counsel is too busy to meet its obligations in this case, it should engage additional lawyers to assist or it should withdraw.

The defendants suggest that these difficulties are easily overcome by a brief extension of the discovery cut-off to allow the deposition of Mr. Mansfield reasonably to be taken, and a concomitant extension of the dispositive motion deadline. Motion to Extend [Doc. # 190] at p. 3. Although an agreement as to the length of such an extension apparently could not be reached, the plaintiff does not appear to oppose the idea.

IT IS ORDERED:

1.     The Motion for Protective Order [Doc. # 188] is GRANTED IN PART. The deposition of Mr. Mansfield shall not occur on May 1, 2011, and need not occur in Colorado; and

2.	The Motion to Extend [Doc. # 190] is GRANTED.  The discovery cut-off is extended to and including **June 3, 2011**, solely to allow the deposition of Mr. Mansfield to be completed, and the dispositive motion deadline is extended to **June 24, 2011.**

Dated May 9, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge