IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DAVID R. MANSFIELD

    Petitioner : CIVIL ACTION NUMBER

ILONA KIRZHNER : 1:09-CV-02858-CMA-BNB

    Plaintiff :

v. :

DAVID SILVERSTEIN, *ET AL* :

    Defendant :

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 13 2011**

**GREGORY C. LANGHAM**
               **CLERK**

## PETITIONER'S MOTION FOR EXCLUSION OF ILLEGALLY OBTAINED EVIDENCE AND PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure ("FRCivP") 26(c)(1)(D) – "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;" David Mansfield ("the Petitioner") seeks a protective order precluding any use of three recorded telephone conversations involving Ilona Kirzhner ("the Plaintiff") and Petitioner.

The Petitioner had three telephone conversations with the Plaintiff, which the Plaintiff recorded ("Illicit Recordings") in a manner that is proscribed by both the Federal Wiretap Act (FWA)[1] and the Computer Fraud and Abuse Act (CFAA)[2]. Pursuant to 18 USC §2515 the exclusion of illegal obtained recordings is warranted.

Using the Colorado Bar Associations Rules of Professional Conduct as a basis, as it relates to this Petitioner, in this case, the Plaintiff's attorneys have not fulfilled their obligations as officers of the court.

An attorney's standing as an officer of the court is the requisite [1] issuing subpoena for depositions (FRCivP 45) in the Court's name and [2] for taking depositions (FRCivP 28). As demonstrated below the Plaintiff's attorneys had, a lapse in judgment as to their duties as officers of the court. As such a protective order is warranted. That is to say, the Petitioner seeks to preclude another lapse in judgment of this kind.

**Background**

Protective orders are not unusual in matters where a witness's constitutional rights to privacy outweigh a civil litigant's desire for specific discovery.

On 21 October 2010 The Plaintiff, in violation of the FWA, electronically intercepted three telephone conversations. Specifically, the Plaintiff violated:

    §2511: (1) (a)

    Interception and disclosure of wire, oral, or electronic communications prohibited

        Except as otherwise specifically provided in this chapter any person who —

        intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

---

[1] The Federal Wiretap Act is the common name for Title I of the Electronic Communication Privacy Act (ECPA) of 1986 *et seq.* with the enactment of the ECPA the statutes are 18 USC §§2510 -2522
[2] 18USC§1030

1

# FAX COVER SHEET

| | |
|---|---|
| TO | Civil Cases Clerk |
| COMPANY | USDC Colorado |
| FAX NUMBER | 13033352714 |
| FROM | David Mansfield |
| DATE | 2011-05-13 12:10:28 GMT |
| RE | Corrected Error-Motion 1:09-CV-02858-CMA-BNB |

## COVER MESSAGE

Dear Clerk

Please replace Page 1 of the Motion I filed yesterday with the attached.

I realized that I had "Title III" instead of "Title I" and the word "Protections" instead of "Privacy"

Both errors are in the footnote.

Thank you,

David Mansfield