**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09CV02858 CMA-BNB

ILONA KIRZHNER, an individual

    Plaintiff/Counterdefendant,

v.

DAVID SILVERSTEIN, an individual
EVERGREEN INDUSTRIES, INC., f/k/a
BREAKTHROUGH MANAGEMENT
GROUP INTERNATIONAL, INC., f/k/a
BREAKTHROUGH MANAGEMENT
GROUP, INC., a Colorado corporation
DAVID SILVERSTEIN INVESTMENTS,
LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado
limited liability company;
BMGI CORPORATION, a Delaware
corporation;
BMGI HOLDINGS LLC, a Delaware limited
liability
company,

    Defendants.

v.

DAVID SILVERSTEIN, an individual
EVERGREEN INDUSTRIES, INC., a
Colorado corporation,

Counterclaimants

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S
ORDER DATED APRIL 5, 2011**

Defendants David Silverstein, Evergreen Industries, Inc., f/k/a Breakthrough Management Group International, Inc., f/k/a Breakthrough Management Group, Inc., David Silverstein Investments, LLC, DSI Investments, LLC, BMGI Corporation and BMGI Holdings, LLC ("Defendants"), by and through their undersigned counsel, hereby submit this Reply in Support of their Objection to Magistrate Judge's Order Dated April 5, 2011.

Courts frequently consider reply briefs in ruling on objections under Rule 72. *See*, *e.g.*, *SEC v. Nacchio*, 704 F.Supp.2d 1099 (D. Colo. 2010); *Jacquat v. Hub Int'l Ins. Services, Inc.*, 2010 U.S. Dist. LEXIS 108224 (D. Colo. Sept. 22, 2010) (Exhibit A); *Chamberlain v. Reddy Ice Holdings, Inc.*, 2010 U.S. Dist. LEXIS 41499 (E.D. Mich. April 28, 2010) (Exhibit B); *Merrill-Stevens Yacht Sales, LLC v. Lurssen Werft*, 2008 U.S. Dist. LEXIS 50769 (S.D. Fla. July 2, 2008) (Exhibit C). And, in this case, Plaintiff's Opposition raises issues that were neither addressed in the Objection nor presented to Magistrate Boland. Defendants, therefore, request that the Court consider this Reply in support of their Objection.

**I.     Introduction**

In her Opposition, Plaintiff relies on inaccurately described events, none of which are relevant to the issues at hand and new arguments that Plaintiff failed to ever present to Magistrate Boland. And Plaintiff's failure to squarely address the motions resolved by Magistrate Boland (and the related sanction awards) is telling. Indeed, Plaintiff simply ignores many of the arguments raised in the Objection and she sidesteps almost all of the defects in Magistrate Boland's Order. Defendants request that this Court sustain the Objection and reverse Magistrate Boland's rulings.

## II.     The Court Should Disregard Plaintiff's Discussion Of Prior Rulings And Events

Plaintiff devotes the first three pages of her 37-page Opposition presenting an account of Magistrate Boland's Order that is, at best, inaccurate. Plaintiff asserts, for instance, that the November 18th hearing stemmed from Defendants' refusal to voluntarily move the expert disclosure deadline. But Plaintiff fails to mention that Magistrate Boland also addressed Plaintiff's motion to compel at that hearing, which the Court denied. Indeed, Judge Boland's comments regarding perceived attorney misconduct followed his denial of *Plaintiff's* motion for failing to adequately meet and confer with opposing counsel. Plaintiff's Opposition, Ex. A, at pp. 45-47. The December 16th hearing involved Defendants' motion to compel Mr. Schafer's continued deposition. And that motion was granted in part by Magistrate Boland because Mr. Schafer is a key fact witness. The March 2, 2011 hearing related to a motion to amend a counterclaim, which Magistrate Boland denied because he found that Defendants should have asked for leave to amend earlier.

Likewise, Plaintiff's reference to Magistrate Boland's comments the last hearing ("In 11 years time . . .") is misleading because it suggests that those comments were directed solely at Defendants' when, in fact, Plaintiff has also filed motions that the Court denied. The argument that Magistrate Boland was referring only to Defendants when he referenced "motion, after motion, after motion" being filed in this case simply finds no support in the record.

Not only are these events inaccurately described, they are irrelevant to the underlying discovery disputes and the Order at issue here.[1] Accordingly, Plaintiff's citation to these events

---

[1] Plaintiff, yet again, argues the implied impropriety of the disciplinary complaint filed by David Silverstein against Timothy Schafer (after Schafer met personally Silverstein and lied about his identity. Plaintiff fails to explain her

should be disregarded in their entirety. For purposes of Defendants' Objection, there were five discovery motions decided by Magistrate Boland. Any ruling on those motions (and the Objection) must be based solely on the merits of those motions. Similarly, any ruling on sanctions must be made based solely on whether sanctions were appropriate. Rule 37 authorizes sanctions unless the Court finds the *motion* was substantially justified or a sanctions award would be unjust.[2] No extraneous events – even if accurately described by Plaintiff – are relevant.

### III. The Court Should Disregard Plaintiff's New Arguments Regarding The Sweetbaum Subpoena

In her Opposition, Plaintiff acknowledges that in ruling on an objection to a magistrate judge's nondispositive order, the district court cannot consider arguments not made before the magistrate judge. Opposition, p. 6 (" . . . new arguments are not permitted pursuant to F.R.C.P. 72(a)"); *see also Matthews v. Baumhaft*, 2009 U.S. Dist. LEXIS 27690, *4 (S.D. Mich. March 30, 2009) (Exhibit D). Nevertheless, Plaintiff urges the Court to follow a different standard here.

As Defendants pointed out in their Objection, Magistrate Boland granted Plaintiff's motion for protective order relating to this subpoena on the ground of undue burden – **even though Plaintiff never objected on this ground in her motion, and even though Defendants never had an opportunity to respond to any such objection** (because it was not presented). In an attempt to address this analytical gap, Plaintiff now argues – for the first time – that the subpoena caused undue burden and hardship. Opposition, 12-13. Plaintiff does not cite to her

---

decision to repeatedly raise this even in contexts where it has no relevance. And it appears that Plaintiff is improperly repeating this fact in an effort to unfairly bias the Court.

[2] To the extent Judge Boland did consider historical or extraneous events when deciding whether to grant or deny the discovery motions before him, or to award sanctions under Rule 37 in connection with those motions, Defendants submit that is further ground for sustaining their Objection.

4

underlying motion, however, to support of this argument because that support does not exist.[3] Therefore, the Court should disregard Plaintiff's newly created "undue burden" argument for purposes of ruling on Defendants' Objection.

Plaintiff also inaccurately suggests that BMGI, Inc. planned to depose Plaintiff's counsel in connection with the subpoena. All parties involved in the underlying dispute, however, understood that it BMGI, Inc. merely sought documents by means of the subpoena. Indeed, Plaintiff's motion for protective order described the subpoena as follows: "a Subpoena Duces Tecum for the production of documents and correspondence . . . The Subpoena seeks inspection and production of Plaintiff's counsel's original and active files, including correspondence with co-counsel, Timothy Schafer . . ." Motion for Protective Order, p. 2. Plaintiff never mentioned *once* in her motion for protective order that she thought BMGI, Inc. was attempting to depose counsel. And she never asserted that such a deposition would be improper. Therefore, it was unexpected and erroneous for Magistrate Boland to rely almost exclusively on case law regarding opposing counsel depositions when such a deposition was never at issue here.

Plaintiff attempts to justify the sanctions award through her newly-crafted "undue burden" argument and her inaccurate statements regarding the potential for counsel's deposition. Both of these attempts miss the mark. Magistrate Boland imposed sanctions because he found the subpoena caused undue burden (an objection never previously made by Plaintiff) and because he found the situation analogous to the deposition of opposing counsel when it truly was

---

[3] Contrary to what Plaintiff contends in her Opposition, nothing said by counsel at the hearing reflects any objection on grounds of undue burden. See Opposition, pp. 8-9. Indeed, the terms "undue burden", "burden", or "burdensome" do not appear anywhere in counsel's statements (other than when referring to the attorney-client privilege, which is the ground upon which Plaintiff *did* base her motion). Even if counsel's comments did raise the objection of undue burden, Defendants would not have had a sufficient opportunity to respond because they would have been raised for the first time at the hearing.

not. Both the granting of Plaintiff's motion for protective order, and the imposition of sanctions against Defendants, should be reversed.

## IV. The Court Should Disregard Plaintiff's New Arguments Regarding Her Unsuccessful Motion To Compel Financial Documents

Plaintiff states in her Opposition that the Court should affirm Judge Boland's denial of her motion to compel financial documents. Opposition, p. 14. Defendants concur.

Defendants disagree, however, that their obligations under Rule 26 are relevant to Plaintiff's unsuccessful motion to compel or the underlying Order. Plaintiff contends that the documents she was seeking should have been compelled by Magistrate Boland under the auspices of the disclosure requirements set forth in Rule 26. Yet, Plaintiff's analysis of these Rule 26 obligations (Opposition, pp. 15-16, beginning with the inaccurate statement that "Defendants have never voluntarily produced relevant documents under the mandatory disclosure obligations of F.R.C.P. 26(a)(ii)") cannot be found in her motion to compel. Although Plaintiff's motion generally referenced Rule 26, and while Plaintiff's counsel made a reference to Rule 26 at oral argument, Plaintiff's motion was based primarily on the theory that Defendants voluntarily agreed to produce the documents and should be held to that agreement. Further, Magistrate Boland warned Plaintiff at the November 18th hearing that if she wanted specific documents, she needed to act accordingly and any dispute should be teed up in a timely manner. Plaintiff chose not to do so despite this warning, and her motion was properly denied as a result.

Plaintiff also incorrectly states that "[t]here is no dispute that Defendants agreed to voluntarily produce information." Opposition, p. 18. On the contrary, there is significant dispute over this issue. Defendants' voluntarily agreement, as is reflected in the record accompanying Defendants' Objection, was conditional upon the production of certain documents by Plaintiff,

which Plaintiff refused to produce. Defendants did not intentionally wait to refuse to produce the documents – they simply refused to produce them after Plaintiff reneged on her own agreement. This conditional agreement, Plaintiff's subsequent breach of the agreement, and Defendants' response thereto, is reflected in the record submitted by Defendants with their Objection.

Plaintiff attempts to defend Magistrate Boland's denial of sanctions against her by claiming that he found neither party had clean hands in this dispute. But Magistrate Boland made no such finding. As Plaintiff acknowledges, Judge Boland indicated that he would not enforce informal agreements. Opposition, p. 18. Yet, his decision not to award sanctions against Plaintiff was based upon a suggestion that an informal agreement may have existed. Defendants submit that this ruling by Judge Boland was erroneous and should be reversed.

## V.     Plaintiff Fails To Address BMGI, Inc.'s Specific Objections To Judge Boland's Ruling On The Schafer Subpoena

Plaintiff does not address any of BMGI, Inc.'s arguments in the Objection regarding the problems with Magistrate Boland's ruling as to the Schafer subpoena. In fact, almost all Plaintiff does in her Opposition is merely quote, at length, Judge Boland's comments at the hearing. Plaintiff does not address Schafer's burden to establish a sufficient privilege log, or the case law cited by BMGI, Inc. requiring an evidentiary showing to support a privilege claim. These issues are relevant to whether Magistrate Boland's ruling – both in denying BMGI, Inc.'s motion and imposing sanctions against BMGI, Inc. – was proper or clearly erroneous.

With respect to the sanctions award, Plaintiff states that Magistrate Boland found that the motion was without substantial justification and that an award of fees would not be unjust. She does nothing to show this finding was proper; rather, she merely quotes it. But even that citation is not reliable. After the April 1st hearing when Magistrate Boland made these comments, in his

7

April 5th Order, Magistrate Boland withdrew his award of fees on the ground that BMGI, Inc. did not have an adequate opportunity to respond to Plaintiff's request for sanctions.  In light of this, Magistrate Boland's comments at the hearing regarding the propriety of sanctions as to this motion were premature.  Plaintiff offers no other support for an award of sanctions with respect to this motion.  BMGI, Inc.'s position with respect to the impropriety of the sanction award is set forth in Defendants' Objection and will not be reiterated here.

**VI.     Plaintiff Fails To Offer Any Support For Judge Boland's Ruling That The Redacted Information In The Witness Statements Were Opinion Work Product**

Plaintiff offers no support or justification for Judge Boland's ruling that all of the redacted information in the documents produced as KIRZ151-160 were opinion work product, despite the fact that Judge Boland never actually looked at most of the redacted information to make this determination.

Plaintiff's Opposition incorrectly states that "There can be no dispute that the notes that are the subject of Defendants' Motion are attorney work product."  Opposition, p. 30.  There is, indeed, a dispute over this issue.  In fact, this dispute was the basis for Defendants' motion to compel/for in camera review, as there was reason to believe based upon Plaintiff's corresponding interrogatory response that the redacted material was not opinion work product in the first place.[4] Plaintiff fails to address one of the primary problems with Judge Boland's ruling: **without even looking at most of the redacted material**, Judge Boland found that such material constituted opinion work product.  In light of this defect in Judge Boland's ruling, Judge Boland's decision denying Defendant's motion and imposing sanctions was improper.  Plaintiff's citation to Judge

---

[4] Because BMGI, Inc. was challenging Plaintiff's contention that the notes were opinion work product in the first instance, the case law cited by Plaintiff and Judge Boland regarding the burden of obtaining opinion work product (once its status has been established) is inapplicable.

Boland's comments regarding the propriety of sanctions is misplaced because Judge Boland later withdrew his verbal award, thereby rendering those comments premature.

**VII.     Plaintiff Fails To Offer Any Support For Judge Boland's Ruling Denying Defendants' Motion To Designate Confidential Documents**

Plaintiff does not offer any basis for upholding Judge Boland's decision denying Defendants' joint motion for a higher, more restrictive designation on Defendants' confidential documents.  For example, Plaintiff does not address the inequity inherent in Judge Boland's decision to reject the representations of Defendant's counsel *and* principal regarding the confidential nature of the financial information Defendants sought to designate "Confidential Restricted Information", after Judge Boland accepted Plaintiff's counsel's word about how Mr. Schafer communicated with Plaintiff in connection with another motion.  It does not make sense for Judge Boland to reach such opposing conclusions with respect to these two motions, particularly because Defendants' counsel and principal offered an evidentiary showing with respect to this motion, yet Plaintiff's counsel failed to do so with respect to the other motion.[5] Moreover, there was no indication of what more Defendants could have presented in terms of evidentiary showing to establish that this information is highly confidential to warrant the stricter designation.

Plaintiff also cites to Judge Boland's statement that the Defendants released this information on their own volition.  Defendants did not voluntarily release this information – Defendants were sued by Plaintiff and forced into court to defend themselves. As part of this

---

[5] At oral argument on BMGI, Inc.'s motion to compel/for in camera review relating to the Schafer subpoena, one of Plaintiff's attorneys (Mr. Wright) – and not Mr. Schafer himself, **who was present at the hearing** – told the Court that Mr. Schafer had a practice or taking notes and discussing them with Plaintiff. The Court accepted counsel's statement and used it as a basis for denying Defendant's motion. Objection, Ex. 11, 69:3-6 ("The notes are intended to prompt a thought for the later discussion.  I'm informed that it did prompt that thought, and the later discussion with the client did occur.")

defense, Defendants intend to use some of their financial information. Because this information is highly confidential and not subject to disclosure to anyone, particularly competitors such as Plaintiff, Defendants have requested the highest confidentiality designation.[6] Judge Boland's decision denying Defendants' motion and allowing this information to be seen by Plaintiff, a competitor, was erroneous and contrary to law, and should be reversed.

## VIII.   CONCLUSION

Defendants submit that their Objection demonstrates that Judge Boland's Order was clearly erroneous and contrary to law, and that nothing in Plaintiff's Opposition changes this result. Accordingly, this Court should sustain Defendants' Objection and reverse the rulings made by Judge Boland in his April 5, 2011 Order. The Court should deny Plaintiff's request for attorneys' fees made at pp. 36-37 in the conclusion of Plaintiff's Opposition. Defendants' Objection was made in good faith and states viable grounds for relief. Further, Plaintiff fails to cite any authority supporting the award of fees. *See Proffitt v. Veneman*, 2002 U.S. Dist. LEXIS 13892, *10-11 (W.D. Va. 2002) ("Defending a Rule 72(a) motion . . . is just one of the costs of transacting business in this court. Accordingly, plaintiff's motion for attorney's fees shall be denied.")

Respectfully submitted this 16th day of May 2011.

GLASSER LAW GROUP, LLC

*By:     s/ Daniel Glasser*
DANIEL GLASSER #37716
Glasser Law Group, LLC

---

[6] Such a designation is not uncommon where trade secrets are involved, so the concerns raised by Plaintiff regarding her ability to see or hear the evidence are not, as she puts it, "incredible." Her attorneys will have access to this information both before and during trial.

4582 S. Ulster St. Pkwy, Suite 1650
Denver, Colorado 80237
Telephone 720-963-7557
E-mail: dglasser@glasserlawgroup.com

*Attorneys for Evergreen Industries, Inc., BMGI Corp. and BMGI Holdings LLC*

PAPPALARDO LAW GROUP, LLC

*By: /s Marc Pappalardo*
MARC F. PAPPALARDO #35339
Pappalardo Law Group, LLC
1919 14th Street, Suite 510
Boulder, CO 80302
Telephone 303-250-1507
Fax: 775-429-4091
E-mail: Marc@PappalardoLawGroup.com
*Attorneys for Defendants* David Silverstein, David Silverstein Investments, LLC, and DSI Investments, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 16th, 2011, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S ORDER DATED APRIL 5, 2011** was served by regular mail, addressed to:

Alan D. Sweetbaum
Tom Devine
Fisher, Sweetbaum, Levin and Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, CO 80202
*Attorneys for Ilona Kirzhner*

>    */s Daniel W. Glasser*
>    Daniel W. Glasser