

Brief and Exhibits filing in Civil Action No. 09-cv-02858-CMA-BNB
David Mansfield   to: Boland_Chambers

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

05/17/2011 07:42 AM

GREGORY C. LANGHAM
CLERK

BY_____ DEP. CLK

2 attachments

1373146510.pdf    Petitioners Brief and Exhibits.pdf

Chambers

I attempted to submit the Brief and Exhibits in the attached file [Petitioners Brief and Exhibits.pdf] yesterday as a *pro se* petitioner. The clerk informed me that I had exceeded the 10 page limit for *pro se* filings [that notice came by fax and is attached as 1373146510.pdf].

As you can see by the attached email; I did provide the brief and exhibits to all parties.

I would ask Judge Boland to make a one-time exception to the 10 page limit and have the clerk instructed of that. Preferably; the file - Petitioners Brief and Exhibits.pdf - can be uploaded in PACER and entered into the docket. This will provided a more easily read document.

I will file the needed application for ECF access, should the Magistrate require that. As I do not expect to need ongoing access submit documents to the District of Colorado; I ask that Judge Boland make a one-time exception and allow the attached document to be uploaded.

Respectfully,


David Mansfield


----- Message from Unknown on Unknown -----
RnJvbTogIkRhdmlkIE1hbnNmaWVsZCIgPGRtQGNod2luZG93cy5jb20+DQpUbzogIidBbGFuIFN3
ZWV0YmFsSciIDxhc3dlZXRiYXVtQHN3ZWV0YmFuZXdsdmLuc2FuHMuY29tPiwNCgkiTWFyYyBQQQ



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
CLERK OF COURT

(303) 844-3433
FAX (303) 335-2040

## FAX TRANSMITTAL COVER SHEET

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Room A-105, Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, Colorado 80294-3589
Phone (303) 844-3433
www.cod.uscourts.gov

| | |
|---|---|
| Date: | Monday, May 16, 2011 |
| To: | David Mansfield |
| Fax Number: | 215-827-5108 |
| From: | USDC |
| Subject: | Exhibits for Petitioner's Brief |
| Number of Pages: | 1 |
| Comments: | Please note that pursuant to D.C .Colo.LCivR 5.1B faxed filings must be a maximum of ten pages. As such we cannot accept larger documents for filing. |

TOTAL P.01

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02858-CMA-BNB

ILONA KIRZHNER,

Plaintiff,

v.

DAVID SILVERSTEIN, EVERGREEN INDUSTRIES, INC., a Colorado corporation, f/k/a Breakthrough Management Group International, Inc., f/k/a Breakthrough Management Group, Inc., DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company, DSI INVESTMENTS, LLC, a Colorado limited liability company, BMGI CORPORATION, a Delaware corporation, and BMGI HOLDINGS, LLC, a Delaware limited liability company,

Defendants.

## PETITIONER'S BRIEF ON ILLEGAL RECORDINGS

The Petitioner asks the court's leave; recognizing briefs by non-litigants are not standard, especially at the Federal District Court Level. David Mansfield ("Petitioner" or "Mansfield") submits this brief, he has information that no party can disclose without risk of violating the prohibitions of §2511 (1) (c) and §2511 (1) (d) of the Federal Wiretap Act (FWA)[1] which may be beneficial to the Court.

**Introduction**

Exhibit 1 is an email from Ms. Kirzhner ("Kirzhner" or "Plaintiff") to Mansfield where it seemed Mansfield and Kirzhner had resolved the exclusion of the Illegal Recordings.

Exhibit 2 is the Stipulation and Order to the Voluntary Dismissal of this Action without Prejudice[2] for the civil action initiated by Mansfield against Kirzhner ("The Pennsylvania Lawsuit")[3] with transcript of the motions hearing related to the stipulation.

Exhibit 3 is a page of Mansfield's AT&T Wireless bill, which includes 21 November 2010. Exhibit 4 shows transactions from Mansfield's credit card.

Kirzhner called Mansfield <u>four</u> times from <u>three</u> phone lines (all presumably within her home in Virginia). Kirzhner's desire to extract confidential information from Mansfield was both willful and intentional.

---

[1] The FWA is the common name for Title I of the Electronic Communications Privacy Act 1986 et seq. 18 USC §§2510 - 2522
[2] SIGNED BY HONORABLE JOHN R. PADOVA ON 3/30/11, Entered: 03/31/2011; Civil Action Number 2:2011-CV-00268-JP – US District Court for the Eastern District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

The parties have agreed to May 19th at 10:00 AM in Philadelphia for Mansfield's deposition so eagerly sought by all. Mansfield has already signed a waiver of service and returned it to the Court.

**Regarding Information in Document 169.**

The fact that Plaintiff's Hearing Brief ... (Document 169) ignored the CFAA and the related state statutes[4] leaves the entire brief somewhat deficient.

The Petitioner sited his use of a cellular telephone in his Motion[5] in regards to the CFAA. The Petitioner informed Mr. Hartmere, one of Kirzhner's attorneys in the Pennsylvania Lawsuit that an Assistant State's Attorney in Baltimore was cancelling a hearing as Mansfield insisted on charges of "computer crimes"; as such it required reviewed by the office of the Maryland Attorney General.

Mr. Sweetbaum informed Mansfield that Kirzhner's attorneys were sharing information between the Philadelphia and Colorado actions. Mansfield had expected that by expressly informing Mr. Hartmere (who also represents her interests in Maryland) that Mansfield was pressing charges in Pennsylvania and in Maryland under those states' computer crime laws that her Colorado attorneys would addressed the computer crimes aspect of the Illegal Recordings before this Court, even *ex parte* given the adverse implication for Kirzhner[6].

In Documents 169 (and in Document 144) in the matter before this Court there is some confusion regarding the number of recordings. Attorneys for both parties alternatively use singular and plural forms describing the recordings. As the transcript in Exhibit 2 shows Judge Padova took notice (page 4 lines 20-23) that there were three recording.

Some facts presented in Document 169 are not as Mr. DeVine described[7]; Maryland is the venue where Mansfield was for the majority of the second recording and all of the third. Also as Exhibit 4 shows,

---

[4] Pennsylvania Criminal Statutes (Annotated) §§7601-7616 - COMPUTER OFFENSES; Maryland Criminal Code §7-302 - Unauthorized access to computers and related material.
[5] Petitioner's Motion for Exclusion of Illegally Obtained Evidence and Protective Order - Documents 204 and 207
[6] While the CFAA is all that is needed to show the criminal intent of the Illegal Recordings. The Pennsylvania and Maryland statutes each incorporate a "long arm" subsection. These incorporated long arm statutes are extremely adverse to Kirzhner as they all but eliminate the jurisdictional defenses raised in her response in the Pennsylvania Lawsuit and they moot several of the arguments raised in document 169.
[7] Document 169 describe regarding "Maryland and Delaware have Minimal, if any, Relationship to the Matters at Issue, and Application of Those Laws are Trumped by Colorado and Virginia Law and Pennsylvania Precedent." Mr. DeVine has no knowledge of Mansfield's personal or business affairs and without listening to the recordings he would not have been able to determine that the majority of the Illegal Recordings occurred in Maryland. Along the same lines of reasoning, Mr. Devine could not have known Mansfield was in a cab. The audio recording captures Mansfield's voice in paying the cab driver in the third illegal recording. Delaware does have minimal interest.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

not only does Mansfield have significant commercial interest in Maryland[8] - Mansfield was in a taxi cab twice that day. (The first taxi ride applies to roughly half of the second and all of the third recordings.)

Mansfield resides in a "two party consent state" (in regards to wiretaps not sanctioned by a court); on 21 October 2010 Mansfield was in the process of conducting interstate business, in another two-party consent state; and was using a cell phone he knew to be protected computer under federal law; while in taxi cab. Over a twelve year period of acquaintance with Kirzhner; Kirzhner had never recorded any of the prior telephonic or face-to-face conversations. Mansfield is not aware that Kirzhner has ever recorded anyone else. Mansfield had refused to participate with Kirzhner's scheme to obtain confidential information from former BMGI employees. For all these reasons, Mansfield had an unchallengeable expectation of privacy.

Mr. DeVine is correct that in this matter Federal law should be the standard. The rights and prohibitions of much of the various state-level criminal and civil law are often in conflict. The matter before this Court is evidentiary. The issues raised involve criminal law, torts, contracts; and a host of other matters which could provide for a very lengthy, and non-essential, conflict of laws analysis.

**Summary**

Exhibit 1 shows the Plaintiff (at one time) was not averse to excluding the Illegal Recordings. Exhibit 2 shows the Plaintiff agreed – by a judicial order - to support the Motion in Document 144. Although Document 169 could seem to contradict the Plaintiff's position in Exhibit 2; in the **CONCLUSION** on page 18 -19 the Plaintiff does "consent to a protective order governing the recordings" (sic).

While the FWA provides numerous statutory methods for legally recording telephone conversations; Document 169 seems to infer a theory that common law precedent should trump a plain reading of the law. Federal Courts do of course have this discretion, however Kirzhner has not claimed her actions were justified by any of the precedents that Mr. DeVine cites in his brief.[9] In fact, when offered the chance to provide a justification, in deposition on 15 November 2010; Kirzhner provided none.

On Page 22; beginning with stenographer's line number 11:

(Pappalardo)    Q    And why didn't you tell Mr. Mansfield that you were recording this conversation?
(Kirzhner)      A    I don't know.

---

[8] Mansfield was in Maryland not only on 21 October 2010; but the day prior as well.
[9] Nor has any such justification has been offered in this matter or in the Pennsylvania Lawsuit. In Kirzhner's 27 page response to the complaint in the Pennsylvania Lawsuit, she offered no defense or justification at all. Every part of the response related to jurisdictional matters or to technical matters regarding Kirzhner's concern of the lack of precision in the damages claims sought by Mansfield.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Kirzhner could have answered this open ended question in any number of ways; even citing multiple justifications.

The Petitioner would be satisfied by any ruling resulting from the Court based solely on the federal law. Should the Court feel it proper to apply a conflict of laws analysis, the petitioner would ask the Court to consider Section 152 of the Second Restatement of the Conflict of Laws. Section 152 provides:

> In an action for an invasion of a right of privacy, the local law of the state where the invasion occurred determines the rights and liabilities of the parties, except as stated in § 153, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in §6 to the occurrence and the parties, in which event the local law of the other state will be applied

The privacy invasions occurred in Pennsylvania and Maryland; the majority occurred in Maryland. Knowing that neither Colorado nor Virginia recognizes the "false light" doctrine in matters of privacy; Mansfield has not asserted it, so Section 153 need not be considered. That Section 6 must always be considered, leads us back to a reliance on federal law[10]. As stated in the Petitioner's Motion; the Petitioner is not an attorney and will not attempt to delve into a detailed analysis on conflicts of laws, which are of course far beyond his knowledge.

The parties and the Petitioner have agreed to a deposition on May 19th at 10:00 AM in Philadelphia. Travel plans have been made for Mansfield's deposition so eagerly sought by both parties. The Petitioner moves the court to suppress the Illegal Recordings and grant the Protective Order before this Court per Documents 204 and 207.

If the Court is able, a ruling that precludes another delay under Local Rule 30.2 is sought by all parties.

/s/ David Mansfield

David Mansfield
Petitioner Pro Se & Interested Party
32 Summit Street
Philadelphia. Pa 19118

(215) 262-6500
dmansfield@dmansfield.com

---

[10] Restatement (Second) Conflict of Laws §6 (2)(g) – ease in the determination and application of the law to be applied.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2011, a true and correct copy of the foregoing **PETITIONER'S BRIEF ON ILLEGAL RECORDINGS** was served by regular mail, addressed to:

Alan D. Sweetbaum
Thomas L. Devine
Fisher, Sweetbaum, Levin and Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, CO 80202
*Attorneys for Ilona Kirzhner*

Marc F. Pappalardo
Pappalardo Law Group, LLC
1919 14th Street, Suite 510
Boulder, CO 80302
*Attorneys for Defendants David Silverstein, David Silverstein Investments, LLC, and DSI Investments, LLC*

Daniel Glasser
Glasser Law Group, LLC
4582 S. Ulster St. Pkwy, Suite 1650
Denver, Colorado 80237
*Attorneys for Evergreen Industries, Inc., BMGI Corp. and BMGI Holdings LLC*

/s/ David Mansfield
David Mansfield
Petitioner Pro Se
32 Summit Street
Philadelphia. Pa 19118

(215) 262-6500
dmansfield@dmansfield.com

Exhibit 1

## David Mansfield

**From:** Ilona Kirzhner [kirzhner@bepioneers.com]
**Sent:** Monday, November 29, 2010 5:07 PM
**To:** Dmansfield@dmansfield.com
**Subject:** ...

Dave – I appreciate that we don't necessarily see eye-to-eye on everything. I have in good faith tried to bring forth suggestions that would be win-wins for both of us. Unfortunately your alternatives are not the same. As I have stated before, we are willing to pull the audio for you. (My attorney feels this is very doable and shouldn't take much effort.) We will not give up the deposition nor offer you anything else that would be harmful to this case, me personally, or my family.

I did attempt to set up a call with you and my attorney for last Wednesday. He reminded me that at Dave's deposition, Marc P stated that he was representing you and you have also mentioned other attorneys. Therefore my attorney is not allowed to talk to you without the presence of your attorney(s).

Hope you had an enjoyable Thanksgiving despite the circumstances we face.

Ilona.

Exhibit 2 - 6 Pages

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID R. MANSFIELD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ILONA KIRZHNER | : | NO. 11-268 |

### STIPULATED ORDER OF DISMISSAL

**AND NOW**, this 30th day of March, 2011, after a hearing with the parties on this date, the parties hereby **STIPULATE** to the voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), on the terms stated on the record at today's hearing.

_____          _____
Anthony M. Gallo                                                    Richard Mosback
Counsel for Plaintiff                                               Counsel for Defendant

_____
David R. Mansfield
Plaintiff

APPROVED BY THE COURT:

_____
John R. Padova, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

DAVID R. MANSFIELD          : CIVIL ACTION NO. 11-268
                            :
        v.                  : Philadelphia, Pennsylvania
                            : March 30, 2011
ILONA KIRZHNER              : 2:51 o'clock p.m.
. . . . . . . . . . . . . .

MOTIONS HEARING
BEFORE THE HONORABLE JOHN R. PADOVA
UNITED STATES DISTRICT COURT JUDGE

- - -

APPEARANCES:

For the Plaintiff:   ANTHONY MARC GALLO, ESQUIRE
                     Fairlie & Lippy P.C.
                     1501 Lower State Road, Suite 304
                     North Wales, PA  19454

For the Defendant:   RICHARD MOSBACK, ESQUIRE
                     Eckert Seamans Cherin & Mellott, LLC
                     Two Liberty Place, 22nd Floor
                     50 S. 16th Street
                     Philadelphia, PA  19102
                          -and-
                     MICHAEL C. HARTMERE, ESQUIRE
                     Venable, LLP
                     Rockefeller Center, 25th Floor
                     1270 Avenue of the Americas
                     New York, NY  10020

- - -

Audio Operator:      Mike Beck

Transcribed by:      Geraldine C. Laws, CET

(Proceedings recorded by For The Record digital sound recording; transcript provided by AAERT-certified transcriber.)

Laws Transcription Service
48 W. LaCrosse Avenue
Lansdowne, PA 19050
(610) 623-4178

2

1         (The following occurred in open court at 2:51
2    o'clock p.m.)
3         THE COURT:  This is Mansfield v. Kirzhner, Civil
4    Action No. 11-268.  And we have on the Court's calendar this
5    afternoon plaintiff counsel's motion to withdraw.  Mr. Gallo?
6         MR. GALLO:  That's correct, your Honor.  And my
7    client is present here today as well.
8         THE COURT:  Okay, fine.  Is there any objection, Mr.
9    Mansfield, to this motion?
10        PLAINTIFF MANSFIELD:  No, your Honor.
11        THE COURT:  Do you have counsel to replace Mr.
12   Gallo?
13        PLAINTIFF MANSFIELD:  I have not selected that yet.
14        THE COURT:  Okay.  Is it your intention to do that?
15        PLAINTIFF MANSFIELD:  Yes, your Honor.
16        THE COURT:  Okay.  Let's take a look at it.
17        (Pause.)
18        THE COURT:  Mr. Mansfield, do you think that 30 days
19   would give you enough time to have counsel enter an
20   appearance?
21        PLAINTIFF MANSFIELD:  Yes, your Honor.
22        THE COURT:  We'll set that then as a time period for
23   that purpose.
24        Has an Answer been filed to the First Amended
25   Complaint?

3

1    MR. MOSBACK:  No, your Honor.

2    THE COURT:  Okay.  We're going to grant the motion,
3 give plaintiff 30 days within which to have new counsel enter
4 an appearance.  In the meantime, defendant will answer the
5 First Amended Complaint in a timely fashion.  We'll set a
6 conference at a point in time more than 30 days from today.
7 By that time we'll have an Answer to the Complaint and we'll
8 have new counsel for the plaintiff.

9    MR. MOSBACK:  Your Honor, may I ask a question?

10    THE COURT:  Sure.

11    MR. MOSBACK:  I just would like to know timely
12 fashion, going by the rules, 14 days?

13    THE COURT:  We're going by the rules.

14    MR. MOSBACK:  Okay, that's fine, thank you, your
15 Honor.

16    THE COURT:  Right.  Yes, we're going by the rules.

17    Okay, well, we've adjudicated the motion.  Let's go
18 off the record now.

19    (Off the record from 2:54 p.m. until 3:40 p.m.)

20    THE COURT:  Why don't we have defense counsel report
21 the agreement to dismiss this action.

22    MR. HARTMERE:  Thank you, your Honor.  As previously
23 discussed, an action is pending in the District Court of
24 Colorado in which Ms. Kirzhner is a plaintiff.  The former
25 employer of Mr. Mansfield is the defendant in that Colorado

4

1   action.  The understanding of all parties present today is
2   that a motion for protective order has been filed in the
3   District of Colorado.  In sum and substance, that protective
4   order, if entered, would preclude the use of an audiotape
5   allegedly of a conversation between Ms. Kirzhner and Mr.
6   Mansfield.  The protective order would prevent that use of
7   that tape in a deposition of Mr. Mansfield in the Colorado
8   action.  It would not, however, preclude Ms. Kirzhner from
9   taking Mr. Mansfield's deposition in that action.
10           The agreement that I believe that we have all
11  reached today is that Ms. Kirzhner will agree to consent to
12  the entry of that protective order in the District of
13  Colorado action.  In exchange Mr. Mansfield will withdraw the
14  instant lawsuit in its entirety.
15           THE COURT:  Mr. Mansfield, do you understand the
16  terms of that agreement?
17           PLAINTIFF MANSFIELD:  I do, your Honor.  And there's
18  just two questions that I have.
19           THE COURT:  Sure, sure.
20           PLAINTIFF MANSFIELD:  The first question is that
21  there are actually three tape recordings, not just one.  And
22  so the protective order sought protection against all three.
23           THE COURT:  Okay.
24           PLAINTIFF MANSFIELD:  I'm willing to withdraw the
25  suit entirety --

5

| | |
|---|---|
| 1 | THE COURT: Provided that Ilona Kirzhner agrees to |
| 2 | the entry of the protective order that's sought in the -- is |
| 3 | it a Colorado action? |
| 4 | MR. HARTMERE: Yes, your Honor. |
| 5 | THE COURT: Do you have a caption of that? |
| 6 | (Pause.) |
| 7 | MR. HARTMERE: Yes, your Honor. The caption is |
| 8 | Kirzhner v. Silverstein, et al, Civil Action No. 09-CV-2858, |
| 9 | pending in the District of Colorado. |
| 10 | THE COURT: Okay. What we're going to do before you |
| 11 | leave is that we'll prepare a stipulation of dismissal on the |
| 12 | terms as set forth in the record of today's hearing for all |
| 13 | of you to sign. And then I'll approve it and then this |
| 14 | action will be dismissed pursuant to Rule 41(a)(1)(ii). |
| 15 | Okay? And that simply provides for a voluntary dismissal by |
| 16 | the plaintiff of this action without prejudice upon a written |
| 17 | stipulation of dismissal signed by all parties or their |
| 18 | counsel on their behalf. |
| 19 | Let's prepare that stipulation of dismissal. |
| 20 | Stand by and we'll bring it back. |
| 21 | ALL: Thank you, your Honor. |
| 22 | THE COURT: And then this matter is going to be |
| 23 | statistically closed. |
| 24 | (Proceedings concluded at 3:43 o'clock p.m.) |

Exhibit 3

## Call Detail
### User Name: DAVID MANSFIELD

*Call To: \*\*=International Call Terminated to Mobile*
*Rate Code: FN9N=FTNTNUNLIMITED*
*Rate Period (PD): DT=Daytime, NW=Nwknd*
*Feature: CW=Call Waiting, VM=VoiceMail*

| Item | Day | Date | Time | Number Called | Call To | Min | Rate Code | Rate Pd |
|---|---|---|---|---|---|---|---|---|
| 258 | THU | 10/21/2010 | 9:14AM | 215-620-9905 | INCOMING CL | 1 | FN9N | DT |
| 259 | THU | 10/21/2010 | 9:23AM | 800 528 1800 | Toll Free CL | 5 | FN9N | DT |
| 260 | THU | 10/21/2010 | 10:27AM | 215-753-1501 | PHILA PA | 3 | FN9N | DT |
| 261 | THU | 10/21/2010 | 10:45AM | 215-528-4042 | INCOMING CL | 6 | FN9N | DT |
| 262 | THU | 10/21/2010 | 10:57AM | 215-783-1512 | PHILA PA | 7 | FN9N | DT |
| 263 | THU | 10/21/2010 | 11:07AM | 703-282-7466 | INCOMING CL | 1 | FN9N | DT |
| 264 | THU | 10/21/2010 | 11:25AM | 703-376-8267 | INCOMING CL | 28 | FN9N | DT |
| 265 | THU | 10/21/2010 | 11:54AM | 703-376-8222 | INCOMING CL | 15 | FN9N | DT |
| 266 | THU | 10/21/2010 | 12:09PM | 703-376-8267 | INCOMING CL | 32 | FN9N | DT |

263  Kirzhner Mobile Phone
264  Kirzhner Home Phne #1
265  Kirzhner Home Phne #2
266  Kirzhner Home Phne #1

AMERICAN EXPRESS

| United States (Change Country) | Contact Us | LOG OUT |

| MY ACCOUNT | CARDS | TRAVEL | REWARDS | BUSINESS | Need help? | Exhibit 4 - [2 pages] |

| Account Summary | Statements & Activity | Payments | Customer Services | Business Apps | Rewards & Benefits | Additional Cards |

View Billing Statements                                                               View Tutorial       Year-End Summary

CARD ACTIVITY for **DAVID R MANSFIELD**                                                             Other Filters

Business Platinum Card®   81005           **TIME PERIOD**
                                          Date Range     from Oct 20, 2010 to Oct 21, 2010

                                                         Download    Print    Need Help

                                                         **NARROW RESULTS**
                                                         Search Transactions    🔍       GRAPH ON

TRANSACTION DETAILS   VIEW BY:   CATEGORY   MERCHANT   PAY IN FULL/PAY OVER TIME

PREVIEW OUR COMPLETE SET OF ONLINE TOOLS
VIEW DEMO

YOUR TAGS
Add Tags to Transactions
Click the arrow above to start.

Your Credit Matters
Obtaining your complimentary Credit Score & Report is easy.
Your credit impacts all areas of your financial life. Learn what is being reported about you.
Learn More

1 - 10 of 10 Transactions

| Date | Description | | Amount $ |
|---|---|---|---|
| 10/20/2010 Wed | ONLINE PAYMENT - THANK YOU | | -2,561.61 |
| 10/20/2010 Wed | SHERWIN-WILLIAMS BALTIMORE MD | | 2,516.61 |
| 10/20/2010 Wed | SIRKIS PAINT & HARDW BALTIMORE MD | | 24.52 |
| 10/21/2010 Thu | AMTRAK PHILADELPHIA PA | | 243.00 |

AMTRAK
From:                To:                    Carrier:       Class:
PHILADELPHIA 30,PA
                     BALTIMORE ,MD           2V             BO
NOT AVAILABLE
Ticket Number: 55492440354879              Date of Departure: 10/21
Passenger Name: MANSFIELD/DAVID
Document Type: VENDOR SALE
Doing Business As:    AMTRAK QUIK TRAK
Merchant Address:     60 MASSACHUSETTS AVE NE
                      4TH FLOOR WEST
                      WASHINGTON DC
                      DC
                      WASHINGTON
                      20002
                      UNITED STATES
Reference Number:     320102950490169203
Category: Transportation - Rail Services

PRINT

FEEDBACK

| Date | Description | Amount $ |
|---|---|---|
| 10/21/2010 Thu | AMTRAK ACELA CAFE QWASHINGTON DC | 5.25 |
| | 800-872-7245 | |
| | Description | |
| | FAST FOOD REST | |
| | Doing Business As: AMTRAK FOOD & BEVERAGE | |
| | Merchant Address: 60 MASSACHUSETTS AVE NE 4TH FLOOR WEST WASHINGTON DC DC WASHINGTON 20002 UNITED STATES | |
| | Reference Number: 32010295049010169204 | |
| | Category: Restaurant - Bar & Cafe | [PRINT] |
| 10/21/2010 Thu | Red Roof Inn 0209 00Timonium MD | 68.39 |
| 10/21/2010 Thu | TABLE 31 6500000351PHILADELPHIA PA | 50.36 |
| 10/21/2010 Thu | WINDSOR SUITES 80000PHILADELPHIA PA | 9.00 |
| 10/21/2010 Thu | Yellow TransporationBaltimore MD | 5.40 |
| | TAXICAB & LIMOUSINE | |
| | Doing Business As: SUPER SUTTLE INTERNATIONA | |
| | Merchant Address: 2100 HUNTINGDON AVE BALTIMORE MD 21211-3214 UNITED STATES | |
| | Reference Number: 32010298002263727 | |
| | Category: Transportation - Taxis & Coach | [PRINT] |
| 10/21/2010 Thu | Yellow TransporationBaltimore MD | 11.40 |
| | TAXICAB & LIMOUSINE | |
| | Doing Business As: SUPER SUTTLE INTERNATIONA | |
| | Merchant Address: 2100 HUNTINGDON AVE BALTIMORE MD 21211-3214 UNITED STATES | |
| | Reference Number: 32010296001562037 | |
| | Category: Transportation - Taxis & Coach | [PRINT] |

1 - 10 of 10 Transactions

| | |
|---|---|
| Payments | -2,561.61 |
| Pay In Full Charges | 2,933.93 |
| Pay Over Time Charges | 0.00 |
| Credits | 0.00 |
| **Total** | **2,933.93** |

Total of Charges and Credits, does not include Previous Balance or Payments

Dispute/Inquire about account activity
* Indicates posting date



WIN a $50,000 bathroom makeover featuring premium KOHLER products!

**American Express Cards**
Personal Cards
Small Business Cards
Corporate Cards
Gift Cards
Reloadable Cards

**More Products & Services**
Membership Rewards® Program
Savings Accounts & CDs
Accept Our Cards
Business Apps
Mobile Services

**Protection Services**
Credit Scores & Reports
Financial Tools
Fraud Protection Center
Learn About Credit
Travel Protection

**Company Information**
About American Express
Contact Us
Careers
Site Map
Connect

Terms of Service | Privacy Statement | Card Agreements
All users of our online services subject to Privacy Statement and agree to be bound by Terms of Service. Please read.

© 2011 American Express Company. All rights reserved.