**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-2858-CMA-BNB

ILONA KIRZHNER,

    Plaintiff,

v.

DAVID SILVERSTEIN, an Individual,
EVERGREEN INDUSTRIES, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP INTERNATIONAL, INC., f/k/a BREAKTHROUGH MANAGEMENT GROUP, INC., a Colorado corporation,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado limited liability company,
BMGI CORPORATION, a Delaware corporation, and
BMGI HOLDINGS, LLC, a Delaware limited liability company

    Defendants.

_____

**PLAINTIFF'S RESPONSE TO MR. MANSFIELD'S CORRECTED MOTION FOR EXCLUSION OF ILLEGALLY OBTAINED EVIDENCE AND PROTECTIVE ORDER**
_____

    Plaintiff Ilona Kirzhner, by and through her attorney, Alan D. Sweetbaum, Esq., hereby submits her Response to Mr. Mansfield's Corrected Motion for Exclusion of Illegally Obtained Evidence and Protective Order (the "Exclusion Petition") and his brief in support thereof (the "Mansfield Brief"), filed by Petitioner David Mansfield ("Mr. Mansfield") as follows:

### I. BACKGROUND

    1. <u>Involvement of Mr. Mansfield</u>.  Mr. Mansfield is the former Chief Financial Officer of BMGI, Inc. and BMGI Corp., both of which corporations are Defendants in this case.  Even Mr. Mansfield does not dispute that Mr. Mansfield has relevant evidence

concerning the allegations contained in the Plaintiff's Complaint and Amended Complaint and concerning the Defendants' Counterclaim, and Plaintiff has sought Mr. Mansfield's deposition on numerous occasions since November 2010.

2.  Mr. Mansfield's Deposition.  Mr. Mansfield's deposition has already been scheduled and rescheduled for eight separate dates.  The deposition was originally noticed for November 19, 2010 and then subsequently delayed by various extensions to dates ranging from December 20, 2010 through May 19, 2011.  The last of those dates was agreed upon only after: Plaintiff had submitted to this Court a Notice of Non-Appearance [Doc. # 194, filed 05/03/11] for his deposition that was to have occurred on May 1, 2011, a date that also had been specifically consented to by Mr. Mansfield; Mr. Mansfield had filed a letter with this Court [Doc. 3 188, filed 4/29/11], which this Court interpreted as a Motion for Protective Order; and this Court had issued its Order dated May 10, 2011 [Doc. #201, filed 05/10/11], which extended the discovery cut-off to allow Mr. Mansfield's deposition to occur.  Effectively then, the Exclusion Petition constitutes a second motion for a protective order by Mr. Mansfield to avoid his deposition.[1]

3.  Basis of Exclusion Petition; Recording.  Plaintiff was aware of Mr. Mansfield's relationship with the Defendants.   Mr. Mansfield had voluntarily discussed matters relating to Defendants on several occasions.  In October 2010, Plaintiff had a lengthy telephone conversation with Mr. Mansfield, which, as a result of several dropped connections, was actually comprised of three separate, successive phone calls.  The

---

[1] In reality this Court has already considered Mr. Mansfield's request for a protective order and ordered his deposition to proceed nonetheless.  To allow Mr. Mansfield now to delay the deposition again or to permit him to avoid valid discovery questions presented to him at his deposition based upon this pending Exclusion Petition, which is duplicative of his prior motion already ruled upon by this Court, is inequitable to Plaintiff.

2

purpose of those phone calls was for Plaintiff to discuss with Mr. Mansfield in greater detail the substance of their prior conversations. Mr. Mansfield voluntarily participated in all the phone calls. Unknown to Plaintiff's counsel, and allegedly unknown to Mr. Mansfield, the telephone conversation was recorded by Plaintiff on three audio tapes (collectively, the "Recording"). Mr. Mansfield has premised his Exclusion Petition upon the existence and use of the Recording by Plaintiff, which Mr. Mansfield maintains was illegally made by Plaintiff.[2]

    4. <u>Defendants' Motion for Protective Order</u>. Use of the Recording in this case is already the subject of Defendants' Joint Motion for Protective Order Concerning Illegal Recordings and Request for Evidentiary Hearing [Doc # 144, filed 03/14/11], filed by Defendants concerning the Recordings and the transcripts ("Defendants' Motion"). To a large extent Mr. Mansfield has based his Exclusion Petition upon the same legal bases presented in the Defendants' Motion, as described with specificity in Article II, Section 1 below. Per the Court's Order dated May 10, 2011, Mr. Mansfield's deposition is to go forward despite the Defendants' Motion. Plaintiff understands and, as always, will comply with the Local Rule concerning discovery activity undertaken while a Motion for a Protective Order is pending. In that regard, as specifically set forth in Plaintiff's Hearing Brief on Defendants' Joint Motion for Protective Order Concerning Illegal Recordings filed in response to Defendant's Motion [Doc # 169, filed 04/08/11] (the "Hearing Brief"), Plaintiff has already agreed NOT to use the Recording during the deposition of Mr. Mansfield, which has been directed by this Court to proceed.

---

[2] There is no doubt that the Recording would be specifically legal in Colorado (the venue of this action) and in Virginia (the residence of Plaintiff and the venue where the recording was made.)

3

Specifically, the Conclusion section of the Hearing Brief specifically states that: "Plaintiff consents to a Protective Order governing the recording". *See* Hearing Brief, p. 18. Attached to the Hearing Brief is a copy of the Order to which Plaintiff has specifically consented. Furthermore, Mr. Sweetbaum, who will be taking the deposition, has never listened to the Recording.

  5. <u>Discovery of the Recording</u>. During the same month that the Recording was made, Plaintiff responded to written discovery requests propounded by the Defendants. Plaintiff's discovery responses are attached as <u>Exhibit 1</u>. Defendant propounded the following Request for Production upon Plaintiff, to which Plaintiff responded:

> 3. All audio and/or video recordings and any transcripts of any recordings, if available, of any MEETING or conversation between any person and any current or former employee or officer of EVERGREEN that occurred from January 1, 2008 to present.
>
> **Response**: The recording of a conversation responsive to this request is available for copying and/or inspection at the law offices of Sweetbaum, Levin & Sands, P.C.

<u>Exhibit 1</u>, Response to Request for Production No. 3, p. 14.

  The Defendants requested the Recording identified by Plaintiff. Plaintiff and Plaintiff's counsel were ethically bound to produce the recording in response to Defendants' discovery request pursuant to the Federal Rules of Procedure and Evidence.[3] Plaintiff assumes that Defendant Silverstein or his representatives notified

---

[3] For reasons unknown to Plaintiff's counsel and which are incomprehensible from Mr. Mansfield's Exclusion Petition and the Mansfield Brief, Mr. Mansfield alleges ethical misconduct by Plaintiff's counsel for disclosing and providing to Defendants' counsel the Recording that came to light in connection with Plaintiff's response to a specific written discovery request from Defendants' counsel. Mr. Mansfield's contentions, however, lead to his circular, invalid and somewhat bizarre contrary conclusion that Plaintiff should NOT have produced the Recording and that doing so was unethical under those same rules that require disclosure of the Recording. Mr. Mansfield has also alleged that Plaintiff's counsel, Messrs. Sweetbaum and DeVine, also acted unethically by not listening to the

Mr. Mansfield of the existence of the Recording, since Mr. Mansfield apparently quotes a portion of the Recording in his Exclusion Petition.

      6.   <u>Related Actions by Mr. Mansfield</u>.  Mr. Mansfield also filed a civil Complaint in Federal Court in the Eastern District of Pennsylvania against Plaintiff based in large part on the same assertions that are contained in his Exclusion Petition, and further initiated several criminal complaints against Plaintiff with state authorities in, at least, Pennsylvania and Maryland, as well as with the Department of Defense, for which Plaintiff performs substantial work as a subcontractor.  It does not appear that any of those authorities have taken Mr. Mansfield's complaints seriously.  The Maryland District Attorney has specifically refused to pursue the matter.  *See* <u>Exhibit 2</u>, Dismissal of Criminal Charges by Maryland District Attorney.  Plaintiff has not been advised of the commencement of any criminal action relating to the Recording by any other state authorities.

## II. <u>LEGAL ARGUMENTS</u>

In the Exclusion Petition Mr. Mansfield has shifted his focus entirely to alleged violations by Plaintiff of two federal statutes.  The first is the Federal Wiretap Act, 18 U.S.C. Section 2510 *et. seq.* (the "FWA") and the second is the Electronic Communication Protections Act of 1986, 18 U.S.C. Section 2510 *et. seq.* (the "ECPA").  This focus is at best confusing, in light of the fact that Mr. Mansfield voluntarily spoke to

---

recording.  Plaintiff and Plaintiff's counsel both contest this allegation, because: they believed disclosure was required by the discovery rules; and they had no reason to believe that the making of the recording in any way constituted either criminal or tortious conduct by Plaintiff; and Mr. Mansfield has provided no basis, other than unsupported allegations, that would lead to a contrary conclusion.  Mr. Mansfield's allegations that Plaintiff's counsel were somehow obligated to listen to the recording (and discover information about his private life) are also most confusing in light of the fact that Mr. Mansfield has premised his Exclusion Petition (as specifically explained in the Mansfield Brief) on the allegation that the recording is an invasion of his right to privacy.

Plaintiff on several occasions regarding issues relating to this Case and voluntarily participated in the conversation that was the subject of the Recording. Hence, whether or not the conversations that were the subject of the Recording were recorded, Mr. Mansfield's participation was at his choosing and without any inducement or threats from Plaintiff.

It would appear that Mr. Mansfield is attempting to utilize the existence of the Recording to avoid any meaningful testimony in this case. That result can be readily inferred from the fact that Plaintiff has already agreed that she will not utilize the Recording either during Mr. Mansfield's deposition or at trial, but Mr. Mansfield believes that is insufficient. In effect he is attempting to avoid any testimony of value, which would deprive Plaintiff of important evidence at trial. For the reasons set forth below, Mr. Mansfield has no valid legal basis for his position.

1. <u>FWA.</u> In the Hearing Brief Plaintiff has already thoroughly briefed and coherently analyzed whether the subject Recording is admissible evidence in Colorado. The Hearing Brief specifically included a full assessment of the implications of the FWA to this matter, and in order to avoid unnecessary repetition for the Court, Plaintiff incorporates the analysis, reasoning, and law contained within Plaintiff's Hearing Brief. Notwithstanding that analysis, as noted in Article I, Section 4, Plaintiff has already agreed to exclude the Recording and transcripts thereof consistent with Plaintiff's proposed order attached to Plaintiff's Hearing Brief, Doc. 169. While the recordings are neither illegal nor inadmissible under the FWA, Plaintiff's proposed order offers Mr. Mansfield and the Defendants the relief they request without the danger of abuse

inherent in the proposed orders filed by the Defendants and Mr. Mansfield, which would, as noted in the conclusion to the Hearing Brief be entirely impractical and would effectively make it impossible to address any relevant questions or to elicit relevant responses from Mr. Mansfield.[4]

    2.  <u>CFAA.</u>  Mr. Mansfield also alleges that the making of the Recording by Plaintiff constituted a violation of the CFAA.  A mere review of the "plain meaning" of the language cited by Mr. Mansfield to support that theory clearly demonstrates that in the circumstances of this case, there was no possible violation of the terms of the CFAA.  Specifically, Mr. Mansfield identifies as a violation of 18 U.S.C. Section 1030(a)(4) an action by a party (in this case, the Plaintiff), by which such party "knowingly and with intent to defraud, *accesses a protected computer without authorization*, or *exceeds authorized access*, and by means of such conduct furthers the intended fraud…." (emphasis added.)  In this case, Plaintiff denies that any fraud was perpetrated by Plaintiff for all the reasons set forth in the Hearing Brief.  But more importantly, Plaintiff certainly at no time accessed Mr. Mansfield's "computer" (i.e., his telephone, assuming solely for the sake of argument that the same is a "computer") without authorization, and at no time did she exceed any authorized access thereto.  Mr. Mansfield voluntarily spoke to her on the phone; he voluntarily spoke the words that he spoke (whether or not they were recorded by Plaintiff.)  Once he did that, Plaintiff needed no further "access" of any kind to his phone to effect a Recording.  As a result, the allegation that the

---

[4] It is Plaintiff's concern that even if Mr. Mansfield participates in his deposition scheduled for May 19th, it is likely that he will be instructed by counsel, or choose pro se, to avoid answering any questions presented by Plaintiff's counsel due to the pendency of Defendant's Motion and the Exclusion Petition, thereby precluding the possibility that such deposition will be meaningful.

Recording is a violation of the CFAA is a red herring and should be ignored by this Court.

### III. CONCLUSION

It is somewhat unclear from the Exclusion Petition what remedies Mr. Mansfield is requesting. He has specifically stated that: "An event that occurred two-plus years after the events cited in the complaint cannot alter the facts." Plaintiff does not take issue with that statement. What is at issue here is Mr. Mansfield's attempt to make the Recording, which took place two years after the matters that are truly relevant to this case, more relevant than those relevant facts, so as to preclude Mr. Mansfield's obligation to provide testimony about the legitimately relevant facts. Moreover, it should be noted in passing that such an obligation to provide testimony obtains, whether or not Mr. Mansfield had contractual or fiduciary relationships with the Defendants. Mr. Mansfield is not justified in attempting to utilize his relationships with the Defendants to avoid telling the truth to the Court.

Because of the interrelationship of the arguments contained in the Defendants' Motion and in the Exclusion Petition, Plaintiff respectfully requests the Court to treat the pro se filing of the Exclusion Petition and the Mansfield Brief as materials to be included in the already-scheduled June 13, 2011 hearing. Plaintiff acknowledges that such a step would be a procedural irregularity, but one justified by the circumstances here. In response to a specific request set forth in the Exclusion Petition, Plaintiff does not object to Mr. Mansfield's participation by electronic means at the June 13, 2011 hearing. In connection therewith, Plaintiff has no objection to the Court satisfying itself as to the

contents of the Recording, should the Court find that appropriate to resolving the issues here.

In the event that Mr. Mansfield's Exclusion Petition is NOT granted and a meaningful deposition has not taken place prior to the June 13, 2011 hearing, Plaintiff further requests that Mr. Mansfield, in light of the numerous, unusual steps he has taken to attempt to avoid his deposition in this case, be required to submit to an additional deposition despite the fact that the discovery deadline has expired, and that he also be required to reimburse Plaintiff for all costs incurred by Plaintiff's counsel in attending or attempting to attend any of his previously scheduled depositions as well as any additional deposition.

Respectfully submitted this 18th day of May, 2011.

*s/Alan D. Sweetbaum*
Alan D. Sweetbaum, Esq.
Sweetbaum, Levin & Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, CO 80202
asweetbaum@sweetbaumlevinsands.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2011, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO MR. MANSFIELD'S CORRECTED MOTION FOR EXCLUSION OF ILLEGALLY OBTAINED EVIDENCE AND PROTECTIVE ORDER** was served electronically, to:

Marc F. Pappalardo, Esq.
Pappalardo Law Group, LLC
1919 14th St., Suite 510
Boulder, CO 80302
marc@pappalardolawgroup.com

Daniel W. Glasser, Esq.
Glasser Law Group, LLC
4582 S. Ulster Street Parkway, Suite 1650
Denver, CO 80237

And via mail to:

David R. Mansfield
32 Summit Street
Philadelphia, PA 19118


                                                _s/ Alan D. Sweetbaum_____
                                                Alan D. Sweetbaum