IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02858-CMA-BNB

ILONA KIRZHNER,

Plaintiff,

v.

DAVID SILVERSTEIN,
EVERGREEN INDUSTRIES, INC., a Colorado corporation, f/k/a Breakthrough Management Group International, Inc., f/k/a Breakthrough Management Group, Inc.,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado limited liability company,
BMGI CORPORATION, a Delaware corporation, and
BMGI HOLDINGS, LLC, a Delaware limited liability company,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)   **Defendants' Joint Motion for Protective Order Concerning Illegal Recordings and Request for Evidentiary Hearing** [Doc. # 144, filed 3/14/2011] ("Defendants' Motion for Protective Order"); and

(2)   **Petitioner [Mansfield's] Motion for Exclusion of Illegally Obtained Evidence and Protective Order** [Doc. # 204, filed 5/13/2011] ("Mansfield's Motion for Protective Order").

I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here. In general, I have adopted the agreement of the parties (excluding Mr. Mansfield, who did not appear for or participate in the hearing).

IT IS ORDERED:

(1) Defendants' Motion for Protective Order [Doc. # 144] is GRANTED IN PART, and a protective order is entered as follows:

    (a) The Recording[1] will not be played during any discovery activity or during trial by any party;

    (b) The Recording will not be played for use during the examination, cross-examination, impeachment or rehabilitation of any witness either during a discovery deposition or during trial by any party;

    (c) The Recording will not be introduced into evidence at trial;

    (d) No transcript of the Recording will be used during any discovery activity or during trial by any party;

    (e) No transcript of the Recording will be used during the examination, cross-examination, impeachment or rehabilitation of any witness either during a discovery deposition or during trial by any party;

    (f) In the event Mr. Mansfield testifies at the trial in person (rather than by his deposition), the lawyer examining him will not have listened to the Recording, read the transcript of the Recording, or had the transcript of the Recording read to him; and

    (g) No transcript of the Recording will be introduced into evidence at the trial.

(2) Mansfield's Motion for Protective Order [Doc. # 204] is DENIED as abandoned.

---

[1] "Recording" refers to the tape recording made by Ilona Kirzhner on October 21, 2010, of her conversation with David R. Mansfield during three telephone calls, which is approximately one hour and fourteen minutes in duration. The recorded conversation occurred while Mr. Mansfield traveled by train from Philadelphia, Pennsylvania, to Baltimore, Maryland, as described in the Affidavit of David Mansfield [Doc. # 144-3] at ¶¶4-7, and in Mansfield's Motion for Protective Order [Doc. # 204] at p. 1.

Dated June 13, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge