IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02858-CMA-BNB

ILONA KIRZHNER, an individual,

    Plaintiff,

v.

DAVID SILVERSTEIN, an individual,
EVERGREEN INDUSTRIES, INC., f/k/a Breakthrough Management Group
    International, Inc., f/k/a Breakthrough Management Group, Inc., a Colorado
    Corporation,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado limited liability company,
BMGI CORPORATION, a Delaware corporation, and
BMGI HOLDINGS, LLC, a Delaware limited liability company,

    Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE

This matter is before the Court on Defendant BMGI Corporation's Motion to Consolidate. Doc. # [158] BMGI Corp. moves to consolidate this action with *BMGI Corporation v. Kirzhner*, No. 11-cv-00599-LTB-BMB, an action recently filed in this district and pending before U.S. District Judge Lewis T. Babcock.[1] Plaintiff has filed a Response Doc. # [178], and BMGI Corp. has filed a Reply Doc. #[200]. For the following reasons, BMGI Corp.'s Motion to Consolidate is DENIED.

**I.**     **BACKGROUND**

---

[1] BMGI Corp. properly filed its motion to consolidate in this action, rather than in the more recently filed action. *See* D. Colo. L. Civ. R. 42.1.

This action arises from Defendant David Silverstein's alleged breach of a September 23, 2004 agreement between Silverstein and Plaintiff Ilona Kirzhner, whereby Kirzhner agreed to sell and Silverstein agreed to purchase five million shares of common stock of BMGI Inc. ("the Stock Purchase Agreement"). (Doc. # 105, at 2 ¶ 14.)  Pursuant to the Stock Purchase Agreement, Silverstein allegedly executed and delivered to Kirzhner a Promissory Note Secured by Stock Pledge payable to Kirzhner in the amount of $5 million ("the Promissory Note"). (*Id.* at 2 ¶ 15.)

The action that BMGI Corp. seeks to consolidate with this action ("the Second Action") relates to Defendant Ilona Kirzhner's alleged breach of a December 15, 2003 agreement between BMGI Inc.[2] and Kirzhner whereby BMGI Inc. lent Kirzhner $130,000 and Kirzhner agreed to repay the loan with interest ("the Loan Agreement"). (No. 11-cv-00599-LTB-BMB, Doc. # 1, at 3 ¶ 15.)

Other than close identity of the parties, the two actions appear to be related based on BMGI Corp.'s allegation that, in May 2005, Kirzhner, Silverstein, and BMGI Inc. negotiated a compromise regarding the Promissory Note and the Loan Agreement ("the Compromise"). (*Id.* at 3 ¶ 19.)  BMGI alleges that, under the terms of the Compromise, the Loan Agreement would be repaid by crediting amounts owed (by Kirzhner to BMGI Inc.) under the Loan Agreement towards the amounts owed (by Silverstein to Kirzhner) under the Promissory Note. (*Id.*)

---

[2] BMGI Corp. represents that it has "acquired all of BMGI Inc. [sic] rights and contracts . . . ." (11-cv-00599, Doc. # 1, at 3 ¶ 14.)

BMGI Corp. filed the Second Action against Kirzhner based on Kirzhner's apparent position, disclosed recently in *this* action, that she is not required to offset any portion of the amounts owed under the Loan Agreement towards the amounts owed under the Promissory Note.  In other words, BMGI Corp. alleges that Kirzhner has disavowed the Compromise, and so BMGI Corp. has sued Kirzhner in the Second Action alleging breach of the Loan Agreement.

BMGI Corp. now seeks to consolidate the two actions, arguing that, in order to determine Kirzhner's alleged damages in this action (based on Silverstein's alleged failure to pay on the Promissory Note), the court must determine whether it was proper for Silverstein to set off the debt that Kirzhner owed him under the Loan Agreement. (Doc. # 158, at 5.)  In response, Kirzhner argues that BMGI Corp. improperly filed a new action asserting this claim based on the Loan Agreement, rather than bringing the claim as a counterclaim in this action.  (Doc. # 178.)[3]

---

[3] BMGI Corp. does not explain why it filed a new action rather than seeking leave in this action to amend its Answer to add the claim as a counterclaim.  However, the Court notes that BMGI Corp. had previously moved in this action to amend its Answer to add an unrelated counterclaim.  (Doc. # 121.)  That motion was denied by U.S. Magistrate Judge Boyd N. Boland on March 2, 2011 based on a finding of lack of diligence in timely asserting the counterclaim.  (Doc. # 131, 132.)  Eight days later, BMGI Corp. filed the Second Action.  Thus, it appears that BMGI Corp. may have been skeptical regarding whether Judge Boland would have permitted it to amend its Answer to add this (different) counterclaim, and so BMGI Corp. instead filed a new action asserting the claim.  The Court need not determine whether BMGI Corp. was entitled to bring a new action, rather than asserting the new claim as a counterclaim in this action. That is a question for Judge Babcock.

## II. ANALYSIS

Federal Rule of Civil Procedure 42(a) provides, "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In ruling on a motion to consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, No. 09-cv-01717, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010). As the language of Rule 42(a) indicates, the district court has discretion to grant or deny a motion to consolidate. *See also Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1279 (10th Cir. 2001) ("[I]t is of course within the district court's discretion to consolidate the claims."). As the language of Rule 42(a) also indicates, this discretion exists even if the two actions involve a common question of law or fact. *See also* 33 Federal Procedure, Lawyers Edition § 77:42 (2011) ("Fed. R. Civ. P. 42(a) does not make an order of consolidation mandatory by the mere presence of a common question of law or fact.").

The Court concludes that consolidation is not appropriate. The first reason relates to the procedural posture of this action, and the fact that consolidation would require delaying the resolution of this action so that discovery pertaining to the Loan Agreement could be sought. The close of discovery in this action was April 29, 2011, a deadline that was twice extended by the court at the request of the parties. (Doc. # 60,

85.) Also, all parties have filed motions for summary judgment, and briefing on those motions is complete. The Court is disinclined to delay this action any further. The second reason that consolidation is not appropriate is that it appears that any damages in this action can be determined independently of any damages in the Second Action. Specifically, just because BMGI Corp. wants its potential damages in the Second Action set off against any damages for Kirzhner in this action, that does not mean the two damages issues, arising from two distinct underlying contracts, need to be resolved in the same action.[4] Thus, the Court concludes that any "saving of time and effort that consolidation would produce" is outweighed by the "inconvenience, delay, or expense that consolidation would cause." *Emp'rs Mut. Cas. Co.*, 2010 WL 2035577, at *1.

Therefore, based on the foregoing, IT IS ORDERED THAT Defendant BMGI Corporation's Motion to Consolidate Doc. # [158] is DENIED.

DATED: August __15th__, 2011

BY THE COURT:

s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Although BMGI Corp. filed a new action asserting its claim based on the Loan Agreement, it *could* have instead sought leave in this action to amend its Answer in order to assert its claim as a counterclaim. BMGI Corp. chose not to do so, and so cannot now complain that damages issues in the two actions will be decided independently, rather than together in one action in the form of a setoff. *See* Black's Law Dictionary (9th ed. 2009) (defining "setoff" as "[a] defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim").