**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:09-CV-02858 -CMA-BNB

ILONA KIRZHNER, an individual,

    Plaintiff/Counterdefendant,

v.

DAVID SILVERSTEIN, an individual, *et al.*,

    Defendants,

---

**DEFENDANTS' UPDATED JOINT MOTION TO FILE DEFENDANTS'
EXHIBITS UNDER SEAL**

---

Defendants, David Silverstein, David Silverstein Investments, LLC, DSI Investments, LLC ("DSI Defendants"), Evergreen Industries, Inc. ("BMGI Inc."), BMGI Corporation ("BMGI Corp."), BMGI Holdings LLC ("BMGI Defendants") (collectively, "Defendants") hereby submit this Updated Motion, pursuant to Fed.R.Civ.P. 26, D.C.COLO.LCivR Rule 7.2, and this Court's Order dated August 4, 2011 (Doc. No. 272), to file certain Exhibits under seal associated with Defendants' Motions for Summary Judgment filed Friday, June 24, 2011. (Doc. Nos. 227 and 228)

For purposes of the relief sought herein, Defendants incorporate by reference Defendants' Joint Motion For Designation Of Confidential Restricted Information Pursuant To Protective Order (Doc. No. 154) and the pending appeal relating to that Motion (Doc. No. 180), both of which further explain the confidential nature of the Lynton Kotzin valuation reports.[1]

---

[1] An appeal is currently pending before this Court concerning Judge Bolands' ruling that certain portions of Mr. Kotzin's report are attorney-eyes only (*i.e.*, Confidential restricted Information) based on the fact that Kirzhner is a competitor to BMGI through her own company and also

As grounds for the relief requested here, Defendants state as follows:

<u>The DSI Defendants' Summary Judgment Motion</u>

1. DSI Defendants filed their Motion for Summary Judgment (Doc. No. 228) on June 24, 2011, and subsequently filed Exhibits A through AA to the Motion on June 27, 2011. Three exhibits, <u>P, R, and S</u> (Doc. No. 229), were filed as Sealed Documents.

2. Exhibits P, R, and S contain Confidential Restricted Information, as defined by the Protective Order entered by this Court on March 11, 2011 (Doc. No. 140). Exhibits P, R, and S consist of a tax return (Exhibit P) and two valuation reports of BMGI Corp./BMGI Inc. by Lynton Kotzin (Exhibits R and S)

<u>BMGI Defendants' Motion for Summary Judgment</u>

3. BMGI Defendants filed their Motion for Summary Judgment (Doc. No. 227) on June 24, 2011, and subsequently filed Exhibits A through U to the Motion on June 27, 2011. Three exhibits, <u>M</u> (Doc Nos. 239, 242 through 244), <u>N</u> (Doc. No. 240), and <u>S</u> (Doc. No. 241) were filed as Sealed Documents.

4. Exhibits M and N to the BMGI Defendants' Summary Judgment Motion are the two Kotzin reports that were attached to the Silverstein's Defendants Motion for summary Judgment as Exhibits R and S.

5. Exhibit S to the BMGI Defendants' Summary Judgment Motion is an additional valuation of the company by M.O. Weinress that contains similar type of confidential information contained in the Kotzin valuation reports

<u>Defendants' Joint Motion to Seal</u>

---

works for another competitor to the company. While Kirzhner challenged that portions of the Kotzin report were attorney's eyes only, she did not challenge that the they were Confidential Information that should not be provided to parties (and their counsel and experts)outside of this litigation

6. On July 6, 2011, the defendants filed a Joint Motion to File Defendants' Exhibits Under Seal and Unopposed Motion to Seal Plaintiff's Exhibit O to Motion for Partial Summary Judgment (Doc. No. 251). In their Joint Motion, defendants requested that the Court file under seal Exhibits P, R and S of DSI Defendants' Motion for Summary Judgment and Exhibits M, N and S of BMGI Defendants' Motion for Summary Judgment.[2]

Order Granting in Part and Denying in Part Motion to Seal

7. On August 4, 2011, the Court entered an Order granting in part, and denying in part, the defendants' Joint Motion to Seal. The Court granted the motion with respect to Exhibit P of the DSI Defendants' Motion for Summary Judgment (the tax return), and ordered that Exhibit P be sealed. The Court denied the motion with respect to the other exhibits based upon the Court's opinion that the defendants failed to comply with Local Rule 7.2(C)(4), and ordered that the defendants file an updated motion with redacted exhibits within 10 days.

Updated Joint Motion to Seal

8. The valuations of the company (Exhibits R and S to the DSI Defendants' Motion for Summary Judgment/Exhibits M and N of the BMGI Defendants' Motion for Summary Judgment, and Exhibit S to the BMGI Defendants' Motion for Summary Judgment) contain highly sensitive, non-public financial information, which includes lists of the company's largest clients, financial performance, and historical financial statements. BMGI Corp./BMGI Inc. operates in a small, niche industry. Like the other players in its industry, BMGI Corp./BMGI Inc. does not make its financial statements or customer lists publicly available out of fear that someone might try to steal a customer. Indeed, last year, Kirzhner attempted to convince one of

---

[2] Defendants also requested that the Court seal Exhibit O to Plaintiff's Motion for Summary Judgment. Upon further review of Exhibit O, defendants withdraw their request to seal that exhibit.

3

BMGI Corp./BMGI Inc.'s current customers to stop using BMGI and use her company instead. And Kirzhner used her knowledge of BMGI's rates to underbid BMGI.

9. Defendants have a legitimate interest in protecting from public disclosure information contained in these exhibits because they disclose (i) the identity of the company's top three clients in three key industries and the total percentage of revenue for each industry, (ii) the number of "active clients" of the company and average "client spend," and (iii) the total number of employees and independent contractors, including by geographic location and by function. It is common for BMGI Corp.'s clients to ask about the size of a company to compare competitors since most companies in this industry are small. It is also common for clients to ask about whether BMGI and its competitors use employees or independent contractors. Insight into these details about a competitor represents a significant competitive advantage.

10. Defendants file herewith the redacted versions of: Expert Report of Lynton Kotzin (Ex. 1), Rebuttal Report of Lynton Kotzin (Ex. 2), and Opinion of Value prepared by M.O. Weinress (Ex. 3).

WHEREFORE, Defendants request that this Court grant their joint motion to file the Exhibits R and S to the DSI Defendants' Motion for Summary Judgment/Exhibits M and N to the BMGI Defendants' Motion for Summary Judgment (Doc. Nos. 229, Exs. R and S; 239, 240, 242, 243, 244) and Exhibit S to the BMGI Defendants' Motion for Summary Judgment (Doc. No. 241) under seal.

Respectfully submitted this 16th day of August, 2011.

| CHIPMAN GLASSER, LLC | PAPPALARDO LAW GROUP, LLC |
|---|---|
| */s/ Daniel W. Glasser*<br>Daniel W. Glasser<br>CHIPMAN GLASSER LLC | */s/ Marc Pappalardo*<br>MARC F. PAPPALARDO #35339<br>Pappalardo Law Group, LLC |

| | |
|---|---|
| 2000 S. Colorado Blvd., Tower One<br>Suite 7500<br>Denver, Colorado  80222<br>Telephone:  (303) 578-5781<br>Facsimile:   (303) 578-5791<br>Email: dglasser@chipmanglasser.com<br><br>Attorneys for Defendants BMGI, Inc. BMGI Corp. and BMGI Holdings, LLC | 1919 14th Street, Suite 510<br>Boulder, Colorado 80302<br>Telephone 303-250-1507<br>Fax: 775-429-4091<br>E-mail:  Marc@PappalardoLawGroup.com<br><br>*Attorneys for Defendants* David Silverstein, David Silverstein Investments, LLC, and DSI Investments, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2011, a true and correct copy of the foregoing **DEFENDANTS' UPDATED JOINT MOTION TO FILE DEFENDANT'S EXHIBITS UNDER SEAL** was served electronically, addressed to:

Alan D. Sweetbaum (asweetbaum@sweetbaumlevinesands.com)
Thomas L. DeVine (tdevine@sweetbaumlevinesands.com)
Sweetbaum, Levin and Sands, P.C.
1125 Seventeenth Street, Suite 2100
Denver, CO 80202

Burkeley N. Riggs (burke.riggs@moyewhite.com)
Moye White LLP
16 Market Square, 6th Floor
1400 16th Street
Denver, CO 80202
*Attorney for Tim Shafer*

*s/ Cheryl Graysar*
Cheryl Graysar