IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02858-RBJ-BNB

ILONA KIRZHNER,

Plaintiff,

v.

DAVID SILVERSTEIN,
EVERGREEN INDUSTRIES, INC., a Colorado corporation, f/k/a Breakthrough Management
Group International, Inc., f/k/a Breakthrough Management Group, Inc.,
DAVID SILVERSTEIN INVESTMENTS, LLC, a Colorado limited liability company,
DSI INVESTMENTS, LLC, a Colorado limited liability company,
BMGI CORPORATION, a Delaware corporation, and
BMGI HOLDINGS, LLC, a Delaware limited liability company,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **Plaintiff's Application for Fees Incurred Regarding Response to BMGI,**

**Inc.'s Motion to Compel Production of Documents Responsive to Subpoena Or, In the**

**Alternative, For In Camera Review** [Doc. # 172, filed 4/12/2011] ("Plaintiff's First Fee

Application");

(2)     **Plaintiff's Application for Fees Incurred Regarding Response to Motion for**

**In Camera Review and to Compel Production of Documents Produced as KIRZ 151-160**

[Doc. # 173, filed 4/12/2011] ("Plaintiff's Second Fee Application")**;**

(3)     **Plaintiff's Application for Fees Incurred Regarding Defendant BMGI, Inc.'s**

**Motion to Compel Concerning Schafer Subpoena** [Doc. # 174, filed 4/12/2011] ("Plaintiff's

Third Fee Application"); and

     (4)     **Plaintiff's Application for Fees Incurred Regarding Motion for Protective**

**Order Concerning Sweetbaum, Levin & Sands Subpoena** [Doc. # 184, filed 4/27/2011]

("Plaintiff's Fourth Fee Application").

     The defendants filed a Joint Response to Fee Applications Submitted In Connection With

Court's Order Dated March 5, 2011 [Doc. # 203, filed 5/10/2011] (the "Response").

     This case has been marred by the acrimonious conduct of counsel.[1]  As an initial response

to my growing concern that counsel were engaging in unnecessary and abusive conduct, at the

conclusion of a hearing on November 18, 2010, I admonished the lawyers as follows:

> There also appears to be--and it's been apparent to me before in
> this case--a failure of the lawyers to assume their truly professional
> position of being intermediaries and that carries with it an
> obligation to remain in some ways above the fray, while at the
> same time zealously representing your client.  I expect you to show
> respect to one another.  I expect that not because of who the other
> people are but because of who you are.

Transcript of Proceedings 11/18/2010 [Doc. # 111] at p. 47 lines 14-24.  Subsequently, following

a hearing on December 16, 2010, I reiterated my warning:

> I am persuaded that Mr. Riggs [counsel for a non-party witness] is
> right, the center of gravity of this case has moved away from the
> merits, and I warn counsel that I lack tolerance for that.  And
> because that has occurred, I will require that the resumed
> deposition of Mr. Schafer occur in my jury room at a time when I
> am immediately available to address any issues.

Transcript of Proceedings 12/16/2010 [Doc. # 118] at p. 58 lines 11-16.

---

[1]In a recent order by the district judge, he noted that "the acrimony and incivility between
counsel has been a continual blight on what should have been a zealously contested but
professionally litigated case."  Order [Doc. # 305, filed 1/12/2012] at p. 7.

Finally, on April 1, 2011, I held a hearing on the following discovery-related motions: (1) Plaintiff's Motion for Protective Order Concerning Subpoena to Plaintiff's Counsel [Doc. # 135] ("Plaintiff's Motion for Protective Order"); (2) Plaintiff's Motion to Compel Relevant Financial Documents [Doc. # 136] ("Plaintiff's Motion to Compel"); (3) BMGI's Motion to Compel Production of Documents Responsive to Subpoena Or, In the Alternative, For In Camera Review [Doc. # 143] ("BMGI's Motion to Compel"); (4) Defendants' Joint Motion for In Camera Review and to Compel Production of Documents Produced As Kirz 151-160 [Doc. # 151] ("Defendants' Motion to Compel"); and (5) Defendants' Joint Motion for Designation of Confidential Restricted Information Pursuant to Protective Order [Doc. # 154] ("Defendants' Motion for Designation").

## Plaintiff's Motion for Protective Order [Doc. # 135]

At the April 1 hearing, I granted Plaintiff's Motion for Protective Order [Doc. # 135], finding that the subpoena issued by defense counsel was "most unusual" and "highly disfavored." I stated:

> Here, I find that this was an improper use of the subpoena power in derogation of the general practice of discovery in a manner intended and which actually has [] harassed counsel and plaintiff.
>
>            *   *   *
>
> A response to this subpoena and the preparation of a privilege log by trial counsel would be an enormous and an unnecessary. . . undertaking and one which I think would find its root in harassment.

Transcript of Proceedings 4/1/2011 [Doc. # 176] at p. 13 line 16 through p. 14 line 3. The district judge affirmed my ruling, stating that "[g]iven the minimal showing, essentially little more than a fishing expedition, and the context of discovery of an opposing trial counsel's files, I am not persuaded that even an *in camera* review of plaintiff's trial counsel's files was called

for." Order [Doc. # 305] at pp. 6-7.

## Plaintiff's Motion to Compel [Doc. # 136]

On April 1, I denied Plaintiff's Motion to Compel [Doc. # 136], finding that the

requested production had not been sought through a formal discovery request; the plaintiff was

asking me to enforce a private agreement to produce documents; and it was unreasonable in the

context of this case, where the lawyers had conducted themselves with so much acrimony, for

the plaintiff's lawyer to rely on a private agreement with defense counsel rather than to proceed

formally by the Federal Rules of Civil Procedure. The district judge upheld my ruling, stating:

> In my review of the transcript I did not find an indication that
> defendants denied that they had agreed to produce the disputed
> records. . . .
>
> The magistrate [judge] implicitly found that it was naive for
> plaintiff's counsel to think that, given the acrimonious history of
> this case, he could resolve matters of this nature informally. He
> was not willing to permit plaintiff to bypass formal discovery
> procedures before entertaining a motion to compel. However, in
> the circumstances, he found that it would be unjust to award fees.
> I do not doubt that his decision was influenced by his overall
> assessment of the conduct of defense counsel. . . . This Court
> concludes that that finding was not clearly erroneous.

Order [Doc. # 305] at pp. 8-9.

## BMGI's Motion to Compel [Doc. # 143]

On April 1, I also denied defendant BMGI's Motion to Compel [Doc. # 143]. I found

that no *in camera* review was necessary, stating:

> [W]ith respect to the documents in general, a person asserting the
> attorney-client privilege or the work product immunity must assert
> it promptly and specifically, and establish its applicability in the
> federal system under the <u>Peat, Marwick, Mitchell</u> case. That
> normally is accomplished by a detailed privilege log which

4

identifies the document, its nature, its author, its recipients, . . . its dates, its general topic without disclosing the substance which is privileged, and the privilege asserted.  That ordinarily is sufficient to establish the privilege absent something extraordinary [and] which otherwise causes doubt.

I find that the amended privilege log which is--has been provided by Mr. Schafer and his firm meets the requirements of the <u>Peat, Marwick, Mitchell</u> case and adequately establishes the existence of the applicable privilege.

Transcript of Proceedings 4/1/2011 [Doc. # 176] at p. 67 line 21 through p. 68 line 8.  As to a

portion of this ruling, the district judge sustained BMGI's objection to my order, finding:

The rest of defendants' argument amounts to counsel's implied suggestion that plaintiff's counsel's determination of what portions of documents should be redacted based upon a claim of privilege cannot be trusted, and therefore, that the magistrate judge should have reviewed the redactions *in camera*.  A mere suspicion is not enough, or judges would have to, if asked, examine *in camera* every document ever withheld on privilege grounds.  Here, two different lawyers described the lengthy and expensive process that they undertook to screen documents for privilege and to prepare a privilege log. . . .  Ordinarily that would and should be enough.

However, plaintiff's counsel acknowledged that at least some of the redaction was done by Mr. Schafer. . . .  I am certainly not prepared to assume that Mr. Schafer's review was conducted in bad faith.  My assumption is the opposite.  I note as well, . . . that when the magistrate judge did, at defendants' urging, review *in camera* a redacted witness statement, he found that the redactions were precisely as described by plaintiff's counsel and were entirely appropriate.  Nevertheless, there is at least some evidence in the file that Mr. Schafer misrepresented himself in his conversation with Mr. Silverstein at the September 2004 purported auction.  In that circumstance, I reluctantly find that it was clearly erroneous not to have accepted plaintiff's offer to review the documents redacted by Mr. Schafer and the corresponding originals *in camera*, and I remand the case to the magistrate judge to conduct that specific *in camera* review.

Order [Doc. # 305] at pp. 10-11.

**Defendants' Motion to Compel [Doc. # 151]**

At the April 1 hearing, I reviewed *in camera* one document and found that it was precisely as represented by plaintiff's counsel.  Order [Doc. # 164] at p. 14.  Based on that, I denied that remainder of Defendants' Motion to Compel [Doc. # 151].  In my oral ruling, I stated:

> To the extent that I reviewed the Menghenie witness statement, the motion for in-camera review is granted.  The remainder of the motion is denied.
>
>       \*    \*    \*
>
> I don't feel the need on the representation of Mr. DeVine, which we ordinarily find sufficient and rely on and on no greater showing than has been made here, to review the remainder of the documents and, particularly, given the clarity of the Menghenie statement, and what was redacted being obviously and clearly within the scope of the work product [immunity] or [an] attorney-client communication.

Transcript of Proceedings 4/1/2011 [Doc. # 176] at p. 88 line 25 through p. 89 line 18.  The district judge affirmed my ruling, stating that he was "surprised that defendants have included this issue in their objection" and that their arguments amounted to "little more than a bald suspicion that plaintiff's lawyers (not even involving Mr. Schafer in this instance) are untrustworthy."  Order [Doc. # 305] at p. 11.

**Defendants' Motion for Designation [Doc. # 154]**

Finally, on April 1 I denied the Defendants' Motion for Designation [Doc. # 154] finding that the evidence offered in support of the defendants' designation of the information as requiring a limitation to review by attorneys only was purely conclusory and insufficient.  Transcript of Proceedings 4/1/2011 [Doc. # 176] at p. 108 line 4 through p. 109 line 2.  The district judge sustained my ruling.  Order [Doc. # 305] at pp. 12-13.

6

**Award of Attorneys Fees**

At the conclusion of the April 1 hearing, I awarded the plaintiff her attorneys fees, as follows:

> The flurry of motions, discovery-related motions which brought us all here today, I think shows a continued tendency of the lawyers, and particularly the lawyers for the defense, to take on the causes of their clients personally, and not to act in a professional way as an intermediary and to properly and critically analyze motions and positions before taking those positions and ultimately bringing motions.
>
>         *   *   *
>
> With a single exception, that being the plaintiff's motion to compel compliance with a voluntary agreement, I have ruled consistently against the defendants.  And in two instances I have found that the defendants' conduct either appears to be vexatious and harassing or is obviously and clearly wrong.
>
> Based upon that I will award the defendants and Mr. Schafer their costs and attorney's fees in bringing and defending these motions, except for the plaintiff's attorney's fees in connection with the motion to compel compliance with the voluntary agreement.  In doing that, I find that the defendants' positions were not substantially justified and there's no reason an award of expenses is unjust.  I find that there has been adequate compliance with the rule requiring a meet-and-confer, so I'm going to award those fees.
>
> There are more motions, or at least another motion pending.  There are threats of still other motions to be brought.  In 11 years time this is the worst I've seen.  You have filed motion, after motion, after motion or required the filing of motion, after motion, after motion.  You have failed to act as professionals and intermediaries and, instead, have taken the cause up as if it were your own. . . .
>
> So, while I think that up until now the defendants have been engaged on several occasions, and particularly in connection with these motions, in abusive conduct it won't be tolerated any further.
>
> I will look at motions . . . by the defendants, and motions which the defendants' conduct requires, with an especially careful eye [perceiving] now that the defendants are, in fact, engaged in abusive discovery and litigation conduct.  So, exercise especially

acute . . . professional judgment as you go forward.

Transcript of Proceedings 4/1/2011 [Doc. # 176] at p. 110 line 7 through p.112 line 20.

Subsequently, in my written Order [Doc. # 164], I found that the award of attorneys fees in connection with BMGI's Motion to Compel [Doc. # 143] and Defendants' Motion to Compel [Doc. # 151] was improper because the defendants had not been afforded an opportunity to respond to the request for fees.  In addition, I found that the plaintiff had not sought an award of fees in connection with resisting Defendants' Motion for Designation [Doc. # 154].  I withdrew so much of my oral ruling as awarded fees in connection with those motions and allowed the plaintiff and Mr. Schafer to file fee applications in connection with BMGI's Motion to Compel [Doc. # 143] and Defendants' Motion to Compel [Doc. # 151] if they wanted to persist in their request for fees.

**Plaintiff's First Fee Application [Doc. # 172] and
Plaintiff's Third Fee Application [Doc. # 174]**

Plaintiff's First Fee Application [Doc. # 172] seeks an award of attorneys fees in connection with fees incurred by plaintiff's trial counsel (Sweetbaum, Levin & Sands, P.C.) in responding to BMGI's Motion to Compel [Doc. # 143].  Plaintiff's Third Fee Application [Doc. # 174] seeks the attorneys fees incurred by plaintiff's non-litigation counsel (Schafer Thomas, P.C.) in responding to BMGI's Motion to Compel.

In connection with BMGI's Motion to Compel [Doc. # 143], I refused to conduct an *in camera* review of documents withheld or redacted by plaintiff's counsel, including Timothy J. Schafer and Schafer Thomas, P.C.  The district judge has sustained BMGI's objection to a substantial portion of my ruling and determined that it was clearly erroneous.  Order [Doc. # 305] at pp. 10-11.  Under these circumstances, an award fees to the plaintiff in connection with

her opposition to BMGI's Motion to Compel would be unjust.  Plaintiff's First Fee Application

[Doc. # 172] and Plaintiff's Third Fee Application [Doc. # 174] are DENIED.

### Plaintiff's Second Fee Application [Doc. # 173]

Plaintiff's Second Fee Application [Doc. # 173] seeks an award of attorneys fees in

connection with her opposition to Defendants' Motion to Compel [Doc. # 151], which sought an

order compelling production of the unredacted witness interviews prepared by the plaintiff's trial

counsel.  After reviewing one document *in camera*, I denied Defendants' Motion to Compel,

finding that the plaintiff's redactions were exactly as represented by the plaintiff and were

composed entirely of plaintiff's counsel's attorney opinion work product.  Order [Doc. # 164] at

p. 14.

As the district judge has ruled in rejecting the defendants' objection to my order denying

Defendants' Motion to Compel [Doc. # 151], their arguments amounted to "little more than a

bald suspicion that plaintiff's lawyers . . . are untrustworthy."  Order [Doc. # 305] at p. 11.

The plaintiff prevailed in opposing the Defendants' Motion to Compel [Doc. # 151].

Pursuant to Rule 37(a)(5)(B), Fed. R. Civ. P., I "must, after giving an opportunity to be heard,

require the movant, the attorney filing the motion, or both to pay the party or deponent who

opposed the motion its reasonable expenses incurred in opposing the motion, including

attorney's fees," unless I find that the motion was "substantially justified or other circumstances

make an award of expenses unjust."

I have found that defense counsel was engaged in abusive discovery and litigation

conduct in connection with the motions addressed at the April 1 hearing.  Transcript of

Proceedings 4/1/2011 [Doc. # 176] at p. 110 line 7 through p. 112 line 20.  Nothing contained in

Defendants' Joint Response [Doc. # 203] persuades me to the contrary.  The plaintiff is entitled to an award of her fees and costs incurred in defending against Defendants' Motion to Compel [Doc. # 151].

Plaintiff's Second Fee Application [Doc. # 173] is supported by the affidavit of plaintiff's counsel, Thomas L. DeVine, Jr., and includes a detailed description of the services rendered, amount of time spent, hourly rate charged, total amount claimed, and Mr. DeVine's qualifications and experience, all as required by D.C.COLO.LCivR 54.3

In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).  "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." Id. (internal quotations and citation omitted).

I find that the number of hours claimed (13.46) are reasonable and were necessarily expended in connection with responding to Defendants' Motion to Compel [Doc. # 151].

Mr. DeVine claims an hourly rate of $205.00.  The plaintiff bears the burden of establishing that the rate is reasonable.  Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).  "A reasonable rate is the prevailing market rate in the relevant community."  Id.  A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable.  Id. at 1079; Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005).

Mr. DeVine has been licensed to practice law in Colorado since October 2004, and his practice includes general civil litigation.  I have observed Mr. DeVine in court in connection with his representation of the plaintiff in this case.  In addition, I am familiar with the rates

10

charged by lawyers in the metropolitan Denver area.  In my experience, the rate charged by Mr. DeVine is consistent with or below the rates charged by lawyers with comparable skill and experience practicing in this market, and is reasonable.

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred to resist Defendants' Motion to Compel [Doc. # 151] by the reasonable hourly rate charged by Mr. DeVine results in the following calculation:

13.46 hours x $205.00 per hour = $2,759.30.

I find that a fee of $2,759.30, the amount claimed by the plaintiff, is reasonable and appropriate.  Because I have found that defense counsel was engaged in abusive discovery and litigation conduct in connection with the motions addressed at the April 1 hearing, the award is made against defendants' counsel and not defendants.

### Plaintiff's Fourth Fee Application [Doc. # 184]

Plaintiff's Fourth Fee Application [Doc. # 184] seeks an award of attorneys fees in connection with Plaintiff's Motion for Protective Order [Doc. # 135].

I have found that the plaintiff is entitled to an award of attorneys fees in connection with her Motion for Protective Order [Doc. # 135].  Order [Doc. # 164] at pp.15-16.  See Fed. R. Civ. P. 26(c)(3) (allowing the award of attorneys fees to the prevailing party in connection with a disputed motion for protective order).  The district judge affirmed that determination.  Order [Doc. # 305] at p. 7.  Only the amount of the award remains to be determined.

Plaintiff's Fourth Fee Application [Doc. # 184] is supported by the affidavit of Mr.

DeVine and includes all of the information required by D.C.COLO.LCivR 54.3.

The plaintiff makes a claim for 8.86 hours in connection with making her Motion for Protective Order, which I find was reasonably and necessarily expended.  Mr. DeVine's hourly rate of $205.00 is reasonable.

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred in connection with Plaintiff's Motion for Protective Order [Doc. # 135] by the reasonable hourly rate charged by Mr. DeVine results in the following calculation:

8.86 hours x $205.00 per hour = $1,816.30.

I find that a fee of $1,816.30, the amount claimed by the plaintiff, is reasonable and appropriate. The award is made against defendants' counsel and not defendants.

IT IS ORDERED:

(1)      Plaintiff's First Fee Application [Doc. # 172] DENIED;

(2)      Plaintiff's Second Fee Application [Doc. # 173] is GRANTED in the amount of $2,759.30;

(3)      Plaintiff's Third Fee Application [Doc. # 174] is DENIED;

(4)      Plaintiff's Fourth Fee Application [Doc. # 184] is GRANTED in the amount of $1,816.30; and

(5)      Total fees and costs in the amount of $4,575.60 are awarded in favor of the plaintiff and against defense counsel.  Defense counsel shall tender payment of the fee award to plaintiff's counsel no later than January 31, 2012.

Dated January 17, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge